JAMES R. COREY & another *vs.* INDEPENDENT ICE COMPANY & others.

Suffolk.   January 17, 1917. — March 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Corporation,* Authority of directors.

The directors of a corporation properly may employ counsel to defend suits in equity brought by a minority in interest of the holders of preferred stock in the corporation to set aside an honest and desirable reorganization by which the credit and business of the corporation had been preserved and greatly enlarged and the holders of both the common and the preferred stock had been benefited, the suits having been unjustifiable attempts to overset the reorganization for the plaintiffs' personal advantage and not for the benefit of the corporation.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 8, 1912, and later amended as of February 26, 1916, as described in the opinion.

The exceptions of the plaintiffs to the master's report which are mentioned in the opinion as the only ones before this court were as follows:

"The plaintiffs except to said report because the same contains findings of fact which are not justified by the evidence, and which are against the evidence and the weight thereof, as follows: . . .

" (2) That the suit brought in Maine by the present plaintiffs was upon the same ground as the suit by Foster and Currier in Massachusetts, and that both the Massachusetts and the Maine suits were against the corporation. . . .

" (16) That in the Maine litigation Ferris and Corey attempted to break up the reorganization of the Independent Ice Company which had been effected in 1902, and to have cancelled the capital stock which had been issued to Hopkins and his associates and which is now owned by the Boston Ice Company, on the grounds of fraud. . . .

" (34) That the suit of Foster and Currier was an unjustifiable attempt to set aside the reorganization.

" (35) That it was the duty of the Independent Ice Company as a corporation to defend the Foster and Currier suit brought to set aside and annul the reorganization of the corporation.

" (36) That the Independent Ice Company is not entitled to recover any part of the $5,706.95 paid to Stone and Stone.

" (37) That the plaintiffs have offered no excuse whatever for the delay in bringing suit.

" (38) That the board of directors was entirely justified in declining to bring the suits requested."

The case was heard at its different stages, including a recommittal to the master and a second report by the master, by *Pierce,* J., who made a final decree adjudging and ordering "that both the reports of the master be and hereby are confirmed, and all findings of fact therein contained be and hereby are made and confirmed by the court, and that all exceptions of all parties be and hereby are overruled, and that the plaintiffs' bill be and hereby is dismissed with costs to the defendants in the sum of $20.47."

The plaintiffs appealed.

*A. Lincoln,* for the plaintiffs.

*B. B. Jones & R. B. Stone,* for the defendants.

BRALEY, J. By the plaintiffs' waiver, and because exceptions

do not lie to the refusal of a master to make findings of fact as requested, only the second, sixteenth, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh and thirty-eighth exceptions are before us. *Ginn* v. *Almy,* 212 Mass. 486, 496. *Warfield* v. *Adams,* 215 Mass. 506, 519.

It is settled that funds of a corporation can be lawfully used for corporate purposes only, and, if misappropriated by the directors, they and whoever with notice participates with them, are jointly and severally liable to the corporation for the loss and damage. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 476, and cases cited. If the corporation, by reason of being under the control of the defaulting officers or for other insufficient reasons, remains inactive, nevertheless equity will afford relief on a bill brought by one or more of the stockholders for its benefit and to which it must be made a party. *Smith* v. *Hunt,* 12 Met. 371, 385. *Von Arnim* v. *American Tube Works,* 188 Mass. 515.

The plaintiffs as minority stockholders, relying on these familiar principles, bring the present suit in behalf of the defendant the Independent Ice Company, a foreign corporation doing business in this Commonwealth, hereafter designated as the corporation, against the Boston Ice Company, to which we shall refer as the company, and the individual defendants, directors of the corporation, by whom the alleged wrongful expenditures were made or authorized. The corporation and the company are engaged in cutting and harvesting ice which is retailed in substantially the same territory, and, while the company has acquired control of a majority of the stock of the corporation, there has been no consolidation, but each carries on business independently of the other, although both have become subsidiaries of the American Ice Company. If, because of the statement of these relations with much particularity, the frame of the original bill is more comprehensive, the contest finally centred upon the right of the corporation to employ and pay counsel for services rendered in certain suits in which it had been made a party.

The plaintiffs contend that the directors in voting for these expenditures exceeded their powers, and it becomes necessary to review in connection with the evidence reported the findings of the master on this question. The finances of the corporation having become so straitened that insolvency seemed inevitable, the plain-

tiffs, who were deeply interested in its success, succeeded in obtaining from the defendant Flanders and one Hopkins, with whom one Bartlett was subsequently associated, the pecuniary assistance needed, and a voluntary reorganization without scaling the liabilities of the corporation followed, resulting in the payment of its debts and the establishment of a successful business.

But to accomplish this, various corporate transactions became necessary, which are fully detailed in the report and need not be repeated, whereby, as the master finds, Flanders and his associates ultimately acquired title "in good faith and with honest purposes and with the full approval of the plaintiffs" to a majority of the preferred stock, which gave the holder or holders control of the corporation, and these shares were subsequently purchased and have since been owned by the company. It was not until nearly seven years subsequent to the reorganization and three years after the purchase by the company, that a bill in equity was brought by two of the holders of the common stock against Bartlett, Flanders, Hopkins and the defendant Stone, who as trustee had held the shares for them and after the sale held the shares as trustee for the company, in which the corporation also was joined as a defendant, asking, among other prayers for relief, that the reorganization be declared fraudulent and in violation of the rights of the plaintiffs as stockholders, and that the shares be returned to the treasury.

This bill was dismissed after a hearing on the merits, and the memorandum of the single justice shows, that when the plaintiffs set the litigation on foot they knew that the stockholders and directors with a full understanding of the situation unanimously had voted for reorganization in the form adopted and that, instead of the corporation having been defrauded, its credit and business had been preserved and greatly enlarged, correspondingly benefiting the holders of each class of stock. Or, in other words, the essential allegations of the bill were found to be groundless. While the suit did not put in issue the existence of the corporation as a legal entity, the impairment of its assets was plainly threatened, for either the whole or a proportionate part of the moneys which had been advanced in liquidation of its indebtedness and for which this stock and the bonds had been issued in payment might have to be refunded, if the decree declared the reorganization void and

ordered the stock surrendered.  The directors, among whom were the present plaintiffs, under such circumstances and in the absence of any prohibition by statute or limitary by-law, of which there is no evidence, lawfully acted for the permanent welfare of the corporation when they voted unanimously to employ counsel to appear and act in its behalf.  *Bristol County Savings Bank* v. *Keavy*, 128 Mass. 298.  *Smith Charities* v. *Connolly*, 157 Mass. 272.  *Elliott* v. *Baker*, 194 Mass. 518, 523.  *Kanneberg* v. *Evangelical Creed Congregation*, 146 Wis. 610.

The master also was amply warranted in finding that the suit was an unjustifiable attempt to overset the reorganization for the plaintiffs' own personal advantage, independently of any benefit to the corporation.  *Peabody* v. *Flint*, 6 Allen, 52, and, no contention having been made that the charges were excessive, the amount paid to counsel by a subsequent vote of the directors was a lawful disbursement of corporate funds.

We have preferred to rest our decision on the grounds stated, although there are sound reasons for holding that the plaintiffs, having voted to retain counsel by whose services they have been benefited as stockholders, are equitably estopped to contest the payment of all reasonable charges.  *Kent* v. *Quicksilver Mining Co.* 78 N. Y. 159, 185, 188.  *Holmes* v. *Willard*, 125 N. Y. 75, 82.  *Wormser* v. *Metropolitan Street Railway*, 184 N. Y. 83.  It further appears and the master finds in his original report, that, upon dismissal of the suit brought in this jurisdiction, the plaintiffs brought a bill in equity and an information in the nature of quo warranto against the corporation in the State of its domicil, in which the defendant Stone, one of the directors and who subsequently was retained and conducted the defence as counsel for the corporation, was also joined in the suit in equity as defendant.  The question, whether the master erred in finding that the foreign suits were substantially another attempt to set aside the reorganization for reasons similar to those alleged in the previous litigation, is before us on the entire record under the appeal from the final decree dismissing the bill.  A comparison of the allegations of the bill in each suit and of the information in connection with the prayers for relief, are sufficient to justify the master's finding that, in so far as the corporation is concerned, the second suits in substance were based upon the same grounds of complaint as the

first suit. The plaintiffs, moreover, as stockholders were bound by the decree in the domestic suit for reasons stated in *Converse* v. *Ayer*, 197 Mass. 443, and in *Corey* v. *Independent Ice Co.* 106 Maine, 485.

The vote of the directors therefore to retain counsel was not an abuse, but a lawful exercise of their powers for reasons previously stated when considering their action in reference to the domestic suit, and, the amount finally agreed upon for his services not having been questioned, no reason is shown why it should not be paid by the corporation.

The exceptions to the findings, that the plaintiffs had "offered no excuse whatever" for their delay in bringing the present action and that the board of directors was entirely justified in declining to bring suit when requested by them, need not be considered as the plaintiffs cannot prevail on the merits.

The result is that the master's findings must stand, and that the decree dismissing the bill should be affirmed with costs.

*Ordered accordingly.*