McHARG, Respondent, v. COMMONWEALTH FINANCE CORPORATION, ET AL., (Commonwealth Finance Corporation, Appellant,) Carlson, et al., Intervenors.

(182 N. W. 705.)

(File No. 4813.   Opinion filed April 25, 1921.)

1. **Corporations—Domestic Corporations, General Incorporation Act, Residence at Designated Principal Place of Business—Change of Venue Thereto as Matter of Right.**

In absence of any other place of business in this state, the residence of a domestic corporation in this state, under the general incorporation act, is at the principal place of business named in its charter; therefore it was entitled to change of venue from another county to that of its said place of business, as a matter of right, (under Secs. 2327, 2328, Code 1919.)

2. **Venue—Corporation Defendant in Suit by Stockholder For Its Benefit, Whether Refusal to Change Venue was Corporate Grievance—Stockholders "In Sympathy With" Plaintiff, Others**

.With Corporation and Officers, Unity of Interest Explained—
Corporation Aggrieved Re Venue.

Where, in determining whether a corporation defendant was aggrieved by denial of its demand and motion for change of venue to county of its designated principal place of business in this state, in a suit by a minority stockholder against the corporation and certain officers and directors, for an accounting by the latter, for restoration of mis-appropriated corporate funds, for an injunction against further official acts, for their removal from office, and for calling an election to elect their successors,—plaintiff contended that the action was really brought on behalf of the corporation, which was made defendant because its officers and directors refused to bring suit, (Sec. 2315, Code 1919), and therefore was not aggrieved by order refusing change of venue and had no right of appeal therefrom, (Sec. 3145, Code 1919); held, that while the suit was a representative one and the corporation a necessary party, yet because a minority stockholder charges wrongdoing by directors of the corporation in a suit which, if he succeed therein, will inure to the corporations benefit, he may not dictate the defense or manner of defense of the corporation, nor dictate in which county the cause shall be tried. That from the form and nature of such suits each stockholder is considered as represented, since, if in sympathy with complainant he may upon application become party complainant, while if in sympathy with threatened action of the corporation or officers he is represented by and in the corporation, which is a necessary party; and in procedure, the stockholders "in sympathy with" plaintiff and united in interest with him, those in sympathy with corporation and officers are united in interest with defendants. The stockholders in "sympathy with" alleged wrongful steps by corporation could dictate defense the corporation should make, and the manner thereof, and cause it to assert any statutory right, to effect which rights Sec. 2315, Code 1919, recognizes right of plaintiff to make corporation a defendant; at which stage it cannot be foreseen that plaintiff will prevail or that suit will eventuate for corporation's benefit, and if successful, corporation probably incurs liability for costs. Moreover, there being a complaint in intervention by other stockholders demanding a receiver, such demand ought to invest corporation with authority to assert in the suit all its rights; hence its interest entitled it to demand change of venue.

3.  Venue—Stockholder's Suit versus Corporation and Officers For
    Accounting by Latter and Restoration of Misappropriated
    Funds, Enjoining Election, Etc.—Other Stockholders Inter-
    venors For Receiver—Restraining Orders Issued, Non-service

**On Corporation, Corporation Moving to Vacate Injunction, Its Subsequent Demand and Show Cause Order Re Change of Venue—Erroneous Refusal to Change—Non-waiver of Right to Change.**

A minority stockholder sued in B. County, a domestic corporation whose charter designated its principal place of business in H. County, but whose business was transacted in New York City, it not appearing that the corporation had any place of business in the state other than Pierre; the purpose of the suit being for an accounting by President and certain minority directors, restoration of misappropriated corporate funds, enjoining further official acts, for their removal from office, and for calling an election to elect successors; three stockholders have by complaint intervened and demanding against both plaintiff and defendant a receiver; both plaintiff and intervenors having procured restraining orders against officers and directors, no service of summons and complaint having been made on the corporation, but whose attorneys procured an order to show cause against the other parties why the restraining orders should not be vacated, and thereafter demanded change of venue to H. County, thereafter, and (demand being refused) obtained an order to show cause against the other parties why venue should not be changed, trial court denying such application. Assuming, without deciding, that service and filing of said order to show cause was a general appearance by corporation, and that by obtaining said order it appeared in the action, yet held, that it thereby did nothing inconsistent with its right to demand change of venue, since such order did not become complete and effective until filed, (Sec. 2561, Code 1919) and was merely a substitute for a notice of motion provided for by Sec. 2594, Code 1919, providing that when notice of motion is required it must be served six days before time appointed for hearing but court or judge may by order to show cause prescribe a shorter time; and its functions was to shorten time of notice; and since on the same day on which it served such order to show cause it served notice of such demand, therefore there was no waiver of corporation's right to change of venue; nor did acts performed subsequently to such demand constitute waiver of such right.

Whiting, J., dissenting.
McCoy, J., not sitting.

Action by Ormsby McHarg against Commonwealth Finance Corporation, a domestic corporation, Henry D. Tudor and others; James E. Carlson and others intervening; for an accounting by the president and certain directors of defendant corporation, for restoration to the corporation of alleged misappropriated funds,

for restraining further official acts, and for other relief; intervenors asking for a receiver of the corporation. From an order denying a motion for change of venue, the corporation appeals. Reversed, and remanded for further proceedings.

*W. S. Thomson,* and *Martens & Goldsmith,* for Appellant.

*Gaffy, Stephens & McNamee,* and *Gardner & Churchill,* for Respondents.

(1) To point one of the opinion, Appellant cited: 4 Fletcher on Corporations, Pg. 4371 et seq.; Mullen v. Northern Accident Insurance Co., 26 S. D. 402, 404, 127 N. W. 483. Re right to change of name cited: People ex rel. Lackey v. District Court, 30 Col. 123, 69 Pac. 597.

(2) Under point two, Respondent cited, re nature of the suit: Grover v. Mining Co., 19 S. D. 559; Holmes v. Jewitt (Colo.,) 134 Pac. 665; 14 C. J. 938 and 947. To point that corporation is real complainant, cited: Duckett v. Grover, Eng., 6 Ch. Div. 82; Sec. 2315, Code 1919; Removal cases, 100 U. S. 457; State v. C. R. I. Ry. Co, 16 Fed. 881, 887.

(3) To point three, Appellant cited: Barbour v. Fidler, 31 S. D. 351; Re grievance, cited: Lamar v. Lamar, 118 Ga. 685; 45 S. E. 498; McFarland v. Pierce, 45 N. E. 706, 707; 151 Ind. 546; Re status of plaintiff stockholder seeking corporate receivership, cited: 14 C. J. 881; Baillie v. Columbia Gold Mining Company, 166 Pac. 965.

Respondent cited, to point that defendant corporation, having submitted itself and having sought relief, cannot have name changed as matter of right: State ex rel. v. Ry. Co., 25 S. D. 106; 40 Cyc. 41-42; 4 C. J. 1359-1360; 2 R. C. L. 338; Farnesworth v. Union Pacific Co, 89 Pac. 74.

GATES, J. This action was brought in Beadle county in the Ninth Judicial circuit of this state by a minority stockholder of the defendant corporation which was organized and exists under the laws of this state. It is alleged in the complaint that he brings the action on behalf of himself and other stockholders similarly situated and "on behalf of the defendant corporation, the officers and directors thereof having neglected, failed and refused to prosecute the same as hereinafter more fully set out." In addition to the defendant corporation, there are named as defendants seven persons who are designated as officers or direc-

tors or both. The defendants, other than the corporation, are all non-residents of South Dakota. By its charter the principal place of business of the corporation is Pierre, Hughes county, S. D., but the business of the corporation is transacted at and from New York City. The record does not show that the corporation has any place of business in South Dakota other than at Pierre. The summons and complaint were filed in the Beadle county circuit court on August 13, 1920. The purpose of the action is in general for an accounting by the president and certain directors (a minority of the directorate) and the restoration to the corporation of misappropriated funds; for the restraining of further official acts by them; for their removal from office; and for the calling of an election to elect their successors. On the same day a complaint in intervention was filed on behalf of three stockholders. Among the demands for relief asked therein against both plaintiff and defendants is a demand for the appointment of a temporary receiver of the corporation. On the same day a temporary restraining order was obtained by plaintiff restraining the individual defendants from acting as officers or directors of the corporation. A similar order was obtained by the interveners. Purported service of the summons and complaint was made upon the president as an individual and upon some of the other officers and directors in the month of August, 1920. No service thereof was ever made upon the corporation. On August 27th attorneys for the corporation secured from the Beadle county circuit court an order to show cause returnable August 31st requiring plaintiff and interveners to show cause why the restraining orders should not be vacated. This order was served on August 28th. On the same day a notice of demand by the corporation for a change of venue to Hughes county in the Sixth judicial circuit was served on plaintiff's attorneys and on August 30th on the attorneys for the interveners. The demand was refused, and on August 31st the corporation obtained an order requiring plaintiff and interveners to show cause why the venue should not be changed pursuant to the foregoing demand. Upon the hearing thereof the court made an order denying the change. Therefrom the corporation appeals.

After the entry of such order an application was made to this court for a writ of prohibition to prevent the circuit court of

Beadle county from exercising further jurisdiction over the case. This relief was denied upon the ground that the ruling of the trial court should only be reviewed upon appeal and upon the record made before the trial court.    State ex rel. Commonwealth Finance Corporation v. Circuit Court, 43 S. D. 421, 179 N. W. 691.   The correctness of the order denying a change of venue is the sole question before us, but its solution depends upon the answers to be given to two dependent questions, viz.:   (a) Was the corporation aggrieved by the ruling?   (b) Did the corporation waive its right to a change?

[1]   In the absence of any other place of business in this state, the residence of the corporation in this state was at the principal place of business named in its charter.    4 Fletcher, Corp. 4371.    Therefore, aside from the answers to be given to the above two questions, the corporation was entitled to the change of venue as a matter of right.   Rev. Code 1919, §§ 2327, 2328; Duche v. Buffalo G. S. Co., 2 N. Y. Civ. Proc. R. 268; Id., 63 How. Prac. (N. Y.) 516; Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; George v. Kotan, 18 S. D. 437, 101 N. W. 31; Ivanusch v. Great Northern Ry. Co., 26 S. D. 158, 128 N. W. 333; Mullen v. Northern Acc. Ins. Co., 26 S. D. 402, 128 N. W. 483; Gotthelf v. Merchants' Bank, 33 S. D. 259, 145 N. W. 542; Fargo v. Schraudenbach, 40 S. D. 428, 167 N. W. 492; State ex rel. Commonwealth Finance Corporation v. Circuit Court, supra.

[2]   Coming now to the first question, it is the contention of respondent that under the allegations of the complaint the action was in reality brought on behalf of the corporation, and that the corporation was made defendant because its officers and directors refused to bring it (Rev. Code 1919, §2315); therefore that the corporation was not aggrieved by the ruling, and hence had no right of appeal from the order denying change of venue (R. C. 1919, § 3145.).

In support of its contention respondent cites Glover v. Manila G. M. Co., 19 S. D. 559, 104 N. W. 261; Holmes v. Jewett, 55 Colo. 187, 134 Pac. 665; Wilson v. American Palace Car Co., 65 N. J. Eq. 730, 55 Atl. 997; Goodbody v. Delaney, 80 N. J. Eq. 417, 83 Atl. 988; and 14 Corp. Jur. 938, 947.   We have examined these references with care, but find therein nothing which prevents the present corporation from asserting its right to

a change of venue. Of course, this is a representative action, and the corporation is a necessary party to the action; but because a minority stockholder charges a wrongdoing by directors of a corporation which, if he succeeds in the action, will inure to the benefit of the corporation, he does not thereby become possessed of the right to dicate the defense or manner of defense that the corporation may undertake, nor may the plaintiff minority stockholder dictate in which county the cause shall be tried. As was well said in Willoughby v. Chicago Junction Railways, 50 N. J. Eq. 656, 25 Atl. 277, and quoted with approval in Goodbody v. Delaney, supra:

"From the very form and nature of these suits, each stockholder must be considered as represented, for if he is in sympathy with the complainant he may become a party complainant by application to the court; if he is in sympathy with the threatened action of the company, he is represented by and in the corporation which is a necessary party to the suit."

For the purposes of procedure those stockholders "in sympathy with" the plaintiff are united in interest with him; those "in sympathy with" the corporation and its officers are united in interest with defendants. At the time of the demand for change of venue, the corporation was managed by officers and directors chosen, presumably, according to law. On behalf of the stockholders "in sympathy with" the alleged wrongful steps taken by the corporation, they had the right to dictate the defense which the corporation should make, the manner of its defense, and to cause the corporation to assert any right given it by the laws of this state. To offset these rights the law (section 2315, Rev. Code 1919) recognizes the right of the plaintiff to make the corporation a party defendant. At that stage of the case it cannot be foreseen that the plaintiff will prevail. If he does not, then the action will not eventuate to have been for the benefit of the corporation. The corporation will probably have been put to expense thereby. On the other hand, if the plaintiff is successful the corporation will probably be liable for the costs of the action. Again in the complaint in intervention a demand is made for the appointment of a receiver. That demand ought, alone, to invest in the corporation the authority to assert in this action all of its statutory rights. It therefore certainly appears that the corpor-

ation had such an interest in the litigation as entitled it to demand a change of venue.

[3] Upon the second question it is the contention of respondent that, even if the corporation is to be treated as a party defendant instead of a party plaintiff, yet that the corporation waived its privilege of having the venue changed. As the basis therefor respondent asserts that the corporation, by voluntarily appearing in the action and asking affirmative relief prior to the date of serving its demand for change of venue, has waived its right thereto. In Irwin v. Taubman, 26 S. D. 450, 128 N. W. 617, this court held that a defendant had 30 days after service of the summons and complaint upon him within which to make his demand for a change of venue. Assuming, without conceding, that defendant might within such 30-day period take some step that would amount to a waiver of his right to a change, yet we are convinced that the defendant corporation did not take such step in this case. Assuming that the service and filing of the order to show cause by the corporation on August 28th constituted a general appearance in the action, although there is good authority for the position that such appearance was a mere special appearance for the purposes of the motion (Regelmann v. South Shore Traction Co., 67 Misc. Rep. 590, 123 N. Y. Supp. 253), yet the voluntary appearance in the action by the corporation was, by statute, merely the equivalent of the service of the summons upon it. Rev. Code 1919, § 2343. Therefore such appearance, without more, did not waive the right the corporation had to make its demand for change of venue at any time "before the time for answering expires." Rev. Code 1919, § 2328. The appearance merely started running the time within which it would be required to plead or to apply for a change of venue.

[4] Assuming further, without deciding, that the corporation by the mere obtaining of the order to show cause dated August 27th appeared in the action on August 27th (although it may well be doubted whether such appearance became effective until the order was served or filed), yet did it on that day do anything inconsistent with its right to demand a change of venue? Suppose the attorneys for the corporation had pocketed or destroyed the order dated August 27th and had never served nor filed it, could it be said that the corporation would then have

done anything to waive such right of change? An order does not become complete or effective until it is filed. Rev. Code 1919, § 2561. It seems to us that the date of the service and filing of the order of August 27th, to wit, August 28th, was the date upon which the corporation asserted a right inconsistent with its right to a change of venue, if the service and filing of such order was inconsistent therewith. The order to show cause was merely a substitute for the notice of motion provided for by section 2594, Rev. Code 1919. Its function was to shorten the time of notice. Lingenfelter v. Gehringer, 43 S. D. 275, 178 N. W. 946; 2 Wait's Pr. 80. It is clear that if the corporation had, on August 27th, served a formal notice of appearance in the action and had, on August 28th, served a notice of motion dated August 27th for the same relief as was sought in the order, it could not successfully be contended that the corporation had done anything inconsistent with its right to a change of venue until, at least, August 28th. But upon the same day on which it served the order it served the notice of demand. Ganz v. Edison El. Ill. Co., 79 Hun, 409, 29 N. Y. Supp. 810. Therefore in our opinion there was no waiver of the right of the corporation to a change of venue. Barbour v. Fidler, 31 S. D. 351, 141 N. W. 88. Wherein our colleague bases waiver upon matters occurring after demand for change of venue we cannot agree. Under the provisions of Wait's N. Y. Code Civ. Pro. 1874, § 126, which was to the same effect as our Rev. Code 1919, § 2328, the courts held that after demand was made and the plaintiff disregarded the demand the defendant might make his motion to enforce the demand at any time before trial. Hubbard v. National Pro. Ins. Co., 11 How. Prac. (N. Y.) 149; Conroe v. National Pro. Co., 10 How. Prac. (N. Y.) 403.

We therefore conclude that the trial court erred in refusing to allow a change of venue to the circuit court of Hughes county.

The order appealed from is reversed, and the cause remanded to the circuit court of Beadle county for further proceedings not inconsistent with this opinion.

McCOY, J., not sitting.

WHITING, J. (dissenting.) The sole question presented to us is whether or not the appellant waived its right to a change of venue after having made a demand therefor. There can be no

question but that, having made the demand, appellant did not lose such right by mere delay of its motion for such change. My colleagues hold that the acts of appellant did not constitute a waiver, but they fail to lay down any rule that shall be a guide in determining what may be a waiver of a right to a change of venue. That there can be a waiver, either before or after demand for a change of venue, must be conceded. But, as stated in Pittman v. Carstenbrook, 11 Cal. App. 224, 104 Pac. 699, in order for the personal privilege of a change of venue to be waived, "there must be some act of the moving party tending to show his intent to invoke the jurisdiction of the court of first instance for the trial of questions of fact or of law." Did the appellant invoke the jurisdiction of the circuit court of Beadle county for the trial of some question of fact or of law? It certainly did. After it had made its demand for change of venue, it applied to the court for an order to show cause requiring respondent to show cause why the restraining order of August 13th should not be canceled, and it was not until after the return of this order and after appellant had sought the relief asked for and had been denied same that it sought from said court an order granting a change of venue. The order to show cause procured by appellant was based upon affidavits, and in determining whether the relief sought should be granted, the court had to pass upon issues of both fact and law. It is quite possible that, if the trial court had granted the relief sought by appellant, it would never have made the motion for the change of venue. Parties should not be allowed to play fast and loose with courts. If appellant desired to take advantage of its statutory privilege to have its rights determined by another court, it should have done so in the first instance and then applied to the court to which the change was taken for such relief as it thought itself entitled to.