ANTONIO ESPOSITO *vs.* RIVERSIDE SAND & GRAVEL CO. & another.

Middlesex.   May 18, 1934. — June 26, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Corporation*, Officers and agents.

In a suit in equity by a minority stockholder in a corporation against the corporation and the holder of the majority of the shares to require the individual defendant to account to the corporation for alleged illegal payments and withdrawals of funds from the corporation, a master found upon evidence not reported that the individual defendant had caused the corporation to employ special trial counsel to defend a previous suit brought by the same plaintiff, who therein had made allegations of the same general character against the individual defendant and had sought the appointment of a receiver for the corpo-

ration and a liquidation of its assets; that the regular counsel of the corporation was not a trial lawyer; that by final decree in the previous suit no receiver was appointed and the individual defendant was ordered to pay the corporation $1,000 and interest because of a loan of that amount made by him, without the consent of the plaintiff, to a private banker who had failed; that the individual defendant had caused the corporation to pay $175 for services of its regular counsel, $2,200 for the services of the special trial counsel, and $1,002 for stenographic services in connection with the previous suit; and that the individual defendant had paid $600 for services of counsel. The plaintiff contended that the individual defendant personally should have borne the entire expense of the previous suit, but the master found that the expenditures by the corporation were reasonable and necessary. A judge who heard the suit allowed the expenditures as proper for the corporation to make. *Held,* that the findings were not inconsistent nor plainly wrong and must stand, and that the action by the judge was right.

In the later suit above described, the plaintiff also contended that the individual defendant, in 1932, wrongly had caused an increase in his salary as treasurer and general manager of the corporation. The master found that the business of the corporation was extensive and that the individual defendant's labor was onerous; that the corporation had been very successful from 1920 to 1928, had paid out two and one half times its capital as dividends, had made a profit each year except for a small loss in 1932, and at the end of 1931 had a surplus of $102,000; that up to April, 1930, the individual defendant's yearly salary had been $1,560 and thereafter to March, 1932, $1,300; that the increase in 1932 was to $5,000; that he had never been adequately paid before; that the salary was fixed in good faith; and that it was not excessive. *Held,* that there was no inconsistency in the master's findings and that his conclusions could not be said to be wrong.

The master in the later suit above described found that the management of the corporation by the individual defendant had been honest and capable, and a decree dismissing the bill was affirmed on appeal.

BILL IN EQUITY, filed in the Superior Court on March 9, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. Material findings by him are described in the opinion. The suit was heard by *Walsh,* J., by whose order there were entered an interlocutory decree overruling exceptions by the plaintiff to the master's report and confirming the report, and a final decree dismissing the bill. The plaintiff appealed from both decrees.

*E. S. Farmer,* for the plaintiff.

*W. F. Coles,* (*E. C. Mower* with him,) for the defendant.

LUMMUS, J. The plaintiff, holding seventy shares of the defendant corporation, brought this bill to compel the de-

fendant Vassalotti, who holds the remainder and majority of the shares, to account to the corporation for alleged illegal payments and withdrawals of funds from the corporation. A master has found that the management of the corporation by Vassalotti has been honest and capable. Exceptions taken by the plaintiff to his report were overruled, the report was confirmed, and the bill was dismissed. The plaintiff appealed from the interlocutory and final decrees.

In an earlier bill against the same defendants, disposed of by final decree, the plaintiff had made similar allegations against Vassalotti and had prayed for the appointment of a receiver for the corporation. No receiver was appointed, and the final decree ordered Vassalotti to pay the corporation $1,000 and interest, because of a loan of that amount made by Vassalotti without the consent of the plaintiff to a private banker who failed.

The defendant Vassalotti caused the corporation to employ counsel to defend against that earlier suit, and to spend $175 for the services of its regular attorney, who was not a trial lawyer, $2,200 for the services of experienced trial counsel, and $1,002 for stenographic service. The master finds that these expenditures were reasonable and necessary. In addition, Vassalotti himself paid $600 to counsel. The plaintiff contends that Vassalotti should have paid everything out of his own pocket. But the master finds that "the corporation was attacked; that both a temporary and a permanent receiver for the corporation was prayed for in the bill; and that there was a prayer for the liquidation of the assets of the corporation." Whether these prayers could legally have been granted or not, the practical danger to the corporation cannot be pronounced so negligible that it could well have ignored the plaintiff's suit as the plaintiff now contends. The corporation was not a mere nominal defendant. There is no inconsistency in the master's findings, and in the absence of the evidence we have no means of revising them. Upon the master's report, the judge was right in allowing these expenditures as proper for the corporation to make. *Corey* v. *Inde-*

*pendent Ice Co.* 226 Mass. 391. *Barnes* v. *Newcomb*, 89 N. Y. 108. *Godley* v. *Crandall & Godley Co.* 181 App. Div. (N. Y.) 75, affirmed 227 N. Y. 656. Compare *General Mortgage & Loan Corp.* v. *Guaranty Mortgage & Securities Corp.* 264 Mass. 253, 261.

The plaintiff objects to an increase of the salary of Vassalotti as treasurer and general manager of the corporation, made on March 16, 1932, by vote of the directors. The salary had amounted to $1,560 a year up to April, 1930, and $1,300 a year afterwards. The vote of March 16, 1932, made it $5,000. The master finds that Vassalotti had never been adequately paid before, that the salary was fixed in good faith, and that it was not excessive. The corporation had been very successful from 1920 to 1928, and had paid out two and one half times its capital as dividends. Since then the corporation has made a profit each year, except for a small loss in 1932. It had a surplus of $102,000 at the end of 1931. The business was extensive, and the labor great. The evidence is not reported, there is no inconsistency in the master's findings, and we cannot say that he was wrong in his conclusion that the salary was proper and lawfully established. This disposes of all the questions argued.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*