**JOY v. NORTH TEXAS COMPRESS & WAREHOUSE CO.**

No. 14232.

Court of Civil Appeals of Texas. Fort Worth.

May 2, 1941.

Rehearing Denied May 30, 1941.

J. W. Chancellor, of Bowie, for appellant.

J. C. Muse, Jr., of Dallas, for appellee.

McDONALD, Chief Justice.

Appellant brought suit against appellee, a corporation, alleging that the affairs of the corporation had been mismanaged by the majority stockholders; and that as a result the corporation was insolvent or in imminent danger of insolvency, and plaintiff's stock, of the par value of $12,000, had been rendered worthless. Plaintiff sought to recover his alleged damages from the corporation, and prayed for the appointment of a receiver to manage the affairs of the corporation. Defendant filed a plea in abatement, asserting: (1) That the persons intended to be charged with such mismanagement should have been joined as parties; (2) that the alleged cause of action for mismanagement would belong to the corporation itself, not to plaintiff, and that to be entitled to maintain such a suit on behalf of the corporation, plaintiff would have to allege and prove that the controlling officers had been requested, but had refused, to bring such a suit, that there were no reg-

ular officers to act, or that the officers were controlled by the persons whose acts were complained of and that it would be useless to demand that they bring such a suit; (3) that the appointment of a receiver could not be made the sole purpose of a suit, but could only be ancillary to a well-pleaded cause of action properly maintainable by the plaintiff.

The plea in abatement was sustained; and, plaintiff declining to amend, the suit was dismissed.

The action of the trial court was correct. The principles of law presented by the plea in abatement are correct, and have been discussed so thoroughly and often by our courts that we do not consider it necessary to discuss them again. See Evans v. Brandon, 53 Tex. 56; Cates v. Sparkman, 73 Tex. 619, 11 S.W. 846, 15 Am.St.Rep. 806; New Birmingham Iron & Land Co. v. Blevins, 12 Tex.Civ.App. 410, 34 S.W. 828; People's Inv. Co. v. Crawford, Tex.Civ.App., 45 S.W. 738; Prairie Lea Production Co. v. Tiller, Tex.Civ.App., 286 S.W. 638; Stinnett v. Paramount-Famous Lasky Corporation, Tex.Com.App., 37 S.W. 2d 145; Rex Refining Co. v. Morris, Tex. Civ.App., 72 S.W.2d 687; Cullum v. General Motors Acceptance Corporation, Tex. Civ.App., 115 S.W.2d 1196; 10 Tex.Jur., pages 785 and 790.

The judgment of the trial court is affirmed.