## NATION v. BONEY.

### No. 2414.

Court of Civil Appeals of Texas. Waco.
Nov. 26, 1941.

Rehearing Denied Feb. 5, 1942.

A. H. Menefee, of Madisonville, and W. E. Barron, of Anderson, for appellant.

Brownlee & Brownlee, of Madisonville, for appellee.

HALE, Justice.

Appellee, W. E. Boney, a resident of Madison county, instituted this suit on October 10, 1940, by filing his written petition in the Justice of the Peace Court of said county against Jessie Davis, a resident of Madison county, and against appellant, E. E. Nation, a resident of Grimes county. He alleged that on September 7, 1940, Davis executed a note in the sum of $115.68 payable to his order and secured the payment thereof by a chattel mortgage on a Ford automobile; that Davis had subsequently delivered said automobile to appellant who had removed the same from Madison county under circumstances which gave him the right to mature the note. He sought judgment for his debt and foreclosure of his claimed lien. At the same time he sued out a writ of sequestration and caused the sheriff of Grimes county to take possession of the automobile.

Appellant replevied the car and seasonably filed his plea of privilege in due form, asserting his right to be sued in the proper Justice of the Peace Court of Grimes county. Appellee controverted the plea of privilege on the grounds that venue was properly laid in Madison county under sections 4, 5 and 29a of Article 1995 of Vernon's Civil Statutes. Appellant demurred generally to the controverting affidavit. On November 27, 1940, the Justice of the Peace overruled the plea of privilege, tried the case on its merits and rendered judgment in favor of appellee for his debt with foreclosure of his lien, and denied any relief to appellant on his alternative cross-action. The case was properly appealed to the County Court of Madison county where it was again tried on the same pleadings and with the same results as in the Justice Court.

█ Appellant assigns error on the action of the trial court in overruling his plea of privilege and we have reached the conclusion that this assignment must be sustained. In a suit for debt and foreclosure of a chattel mortgage securing the payment thereof, the value of the personal property upon which foreclosure is sought becomes a necessary element in determining the amount in controversy so as to invoke the jurisdiction of the court over the subject matter involved. When the petition in such a suit fails to affirmatively allege the value of the property covered by the mortgage, it is subject to a general demurrer because it does not show the jurisdiction of the court, and such fatal defect is not cured by the allegations of value contained in an affidavit for writ of sequestration. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129.

█ When appellant duly and seasonably filed his plea of privilege in this cause challenging the jurisdiction of the court over his person, the burden was thereby cast upon appellee to show the existence of some exception to the venue statute before the court was authorized to proceed to a trial on the merits. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233. In order to properly show the existence of any of the exceptions claimed, it was necessary for appellee to allege in his controverting affidavit and to prove by competent evidence adduced thereunder facts showing a cause of action against the resident defendant, Davis, who executed the note and mortgage sued upon. This the appellee wholly failed to do. There was no allegation in appellee's petition or in his controverting affidavit as to the value of the automobile in question, and there was no evidence showing or tending to show that the value thereof was a sum within the jurisdiction of the Justice Court. The only direct evidence which we have found in the statement of facts or in the exhibits with reference to such value is the recitation contained in a chattel mortgage given on said automobile by its owner to appellant under date of February 3, 1940, securing the payment of appellant's claimed indebtedness in the sum of $202. This mortgage recites that "said property is of the reasonable aggregate cash value of $225.00 at the execution and delivery hereof."

█ We do not think the record shows that appellant has waived his plea of privilege or his right to complain of the action of the court in overruling the same. After the Justice Court overruled his plea on November 27, 1940, he was then required to either file his answer or permit a judgment to be taken against him by default. Under such circumstances we are of the opinion that the allegations in the answer and pleadings for affirmative relief which appellant then filed should not be construed to constitute a waiver of his prior plea of privilege or to cure any defect in the proceedings incident thereto. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209.

Since appellee failed to show in his controverting affidavit or by proof adduced thereon that he had a cause of action against the resident defendant, it follows that the County Court of Madison county was without jurisdiction to enter any judgment in the case insofar as appellant is concerned other than an order sustaining his plea of privilege. Therefore, the judgments of the trial court overruling appellant's plea of privilege and rendering judgment against him on the merits are each and both reversed and the cause is remanded for further proceedings consistent with this opinion.