**NATIONAL BANKERS LIFE INSURANCE COMPANY, Appellant,**

v.

**Vernon T. ADLER, Individually and as Executor of the Estate of H. O. Adler, Deceased, et al., Appellees.**

No. 13436.

Court of Civil Appeals of Texas.

San Antonio.

April 29, 1959.

**36**

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellant.

Rosson & McGown, San Antonio, for appellees.

POPE, Justice.

National Bankers Life Insurance Company, hereafter called corporation, appealed from an order which dismissed its plea of privilege to be sued in Dallas County after the trial court sustained special exceptions to the plea. Plaintiffs excepted on the basis that they brought the suit in Kendall County as minority stockholders in a purely derivative suit, and that the corporation could not urge a plea of privilege as a defendant, because it was the actual plaintiff. Whether the court properly sustained the special exceptions to the plea of privilege is the first question presented. The other question is, whether the corporation has waived its plea pending this appeal.

Plaintiffs, Vernon T. Adler, individually and as Executor of the H. O. Adler Estate, and Dorothy Virginia Helm and husband, on behalf of all minority stockholders, sued Pierce P. Brooks and the corporation. Plaintiffs alleged that Pierce P. Brooks, as a director and majority stockholder in the corporation, entered into a scheme with Ben Jack Cage by which Brooks caused the corporation to convert into cash several million dollars worth of its good securities. With the cash the corporation bought worthless assets from Ben Jack Cage and firms controlled by him. The large cash sums thus transferred from the corporation to Cage and his controlled companies were then used to buy stock from Brooks personally. Plaintiffs alleged that this was a fraud upon and theft from the corporation. Plaintiffs sought a recovery of three million dollars on behalf of the corporation.

Defendant Brooks asked for no change of venue, but the corporation filed a plea of privilege. Plaintiffs then filed exceptions and a motion to dismiss the plea of privilege, on the grounds that the corporation was the actual party plaintiff and only a nominal defendant. In a true derivative action, the minority stockholders bring suit for and on behalf of the corporation because the corporation has failed to bring the action. In such a suit, though the corporation is named as a nominal defendant, it is the actual plaintiff. 3 Hildebrand Texas Corporations, §§ 764, 773, 774; Providential Investment Corporation v. Dibrell, Tex.Civ.App., 320 S.W.2d 415; 13 Fletcher Cyclopedia, Corporations, (Perm.Ed.) § 5953; 19 C.J.S. Corporations § 830.

■ In some situations, the corporation is something more than a nominal defendant. If the derivative action threatens rather than advances the corporate interests, the corporation may actually defend the action. Blish v. Thompson Automatic Arms Corp., 30 Del.Ch. 538, 64 A.2d 581, 607; Godley v. Crandall & Godley Co., 181 App.Div. 75, 168 N.Y.S. 251; Kanneberg v. Evangelical Creed Congregation, 146 Wis. 610, 131 N.W. 353, 39 L.R.A.,N.S., 138. Such is the rule when the pleadings attack the corporation by a suit to enjoin performance of contracts, Kirby v. Schenck, Sup., 25 N.Y.S.2d 431; or pray for the appointment of a receiver, McHarg v. Commonwealth Finance Corp., 44 S.D. 144, 182 N.W. 705, 707, Esposito v. Riverside Sand & Gravel Co., 287 Mass. 185, 191 N.E. 363; or seek to interfere with a corporate reorganization, Corey v. Independent Ice Co., 226 Mass. 391, 115 N.E. 488; or seek to interfere with corporate management when there is no allegation of fraud or bad faith. Oshrin v. Celanese Corp., Sup., 37 N.Y.S.2d 548, 550; Otis & Co. v. Pennsylvania R. Co., D.C., 57 F.Supp. 680, affirmed, 3 Cir., 155 F.2d 522. Hence, it is not every stockholders' suit which will cast the corporation on the side of the minority stockholders. Sometimes the corporate interests lie on the side of resisting the suit. Otherwise matters of corporate and business judgment would be governed entirely by the minority, which sometimes, but not always, acts in the interest of the corporation. Neutrality is not the course of sound corporate procedure when the welfare of the corporation itself is in issue.

The problem in this case arises procedurally. The corporation filed its plea of privilege which was in proper form. Plaintiffs, the minority stockholders, controverted the plea and urged, in limine, special exceptions which asserted that the corporation was in truth the plaintiff. The court sustained the exceptions and dismissed the corporation's plea of privilege, on the theory that the corporation was the actual plaintiff. Strictly, on the basis of the plaintiffs' pleadings, the corporation is the actual plaintiff instead of an actual defendant. Plaintiffs' petition and controverting affidavit excluded the idea that the corporation could suffer from the prosecution of the suit, and there was no prayer for recovery against it, except for attorney's fees.

■ At that stage of pleading, however, the corporation could urge nothing but its privilege. Due order of pleading is not excused with respect to the plea of privilege. Rule 84, Texas Rules of Civil Procedure. The corporation finds itself in the position that it must assert its plea first or waive it. If it asserts it, the corporation has not yet reached the stage of pleading in which it is called upon to plead or make known its defenses, and the defenses need not be pleaded in due order. If the corporation pleads its defenses before its privilege, then it waives its privilege. If a defendant is limited to what a plaintiff has alleged, a corporation would lose its privilege merely because it has never had a chance to plead the real issue and real defense.

■■ When we look alone to a plaintiff's petition it sometimes appears that there can be no valid defense, but experience shows the wisdom of reserving judgment until we have an opportunity to learn the whole story. The corporation may, if it ever reaches the opportunity to do so, plead that the minority stockholders failed to comply with the condition precedent of first calling upon it to file the suit, which fact the plaintiffs must not only plead but prove. Barthold v. Thomas, Tex.Com. App., 210 S.W. 506; Joy v. North Texas Compress & Warehouse Co., Tex.Civ.App., 151 S.W.2d 342; 3 Hildebrand, Texas Corporations, § 765; 13 Fletcher Cyclopedia, Corporations, (Perm.Ed.) § 5963. If permitted, the corporation may prove that it has already filed a suit which is a prior pending suit, or that the corporation has recovered, or that, by a final adjudication, it has failed to recover on the same cause

of action. There conceivably may be other defenses. 13 Fletcher Cyclopedia, Corporations, (Perm.Ed.) §§ 5859–5889. In any event, until the corporation has had an opportunity to plead or prove something, its defenses or lack of them may not be assumed.

We have found only one case in which a change of venue was urged by the corporation named as a defendant in a derivative action. In McHarg v. Commonwealth Finance Corp., 44 S.D. 144, 182 N.W. 705, 706, the Court held that at the venue stage of a case, it cannot be foreseen that the plaintiff will prevail and that the corporation will be benefited at all. The Court said:

"Of course, this is a representative action, and the corporation is a necessary party to the action; but because a minority stockholder charges a wrongdoing by directors of a corporation which, if he succeeds in the action, will inure to the benefit of the corporation, he does not thereby become possessed of the right to dictate the defense or manner of defense that the corporation may undertake, nor may the plaintiff minority stockholder dictate in which county the cause shall be tried."

■ Courts, as a practical matter, may be called upon to determine who is the actual plaintiff and which one of the competing parties should control the suit. That may be a disputed issue. Whether the corporate defendant is in truth the actual plaintiff or whether it has also a defensive interest, may require not only pleading but also proof. If the court at an early stage of trial cannot determine who is the actual plaintiff then the corporate defendant should be permitted to raise the venue matter and to answer. McHarg v. Commonwealth Finance Corp., supra. The corporate defendant has the right to object to and question the power of the minority stockholder to bring suit in its behalf. Slutzker v. Rieber, 132 N.J.Eq. 412, 28

A.2d 528; Groel v. United Electric Co. of New Jersey, 70 N.J.Eq. 616, 61 A. 1061. In our opinion, this is an issue which may appropriately be heard as one of the facts in the plea of privilege hearing. It is a safer practice to hear before deciding.

■ It has been said that a plea of privilege, when in strict conformity to Rule 86, T.R.C.P., as was the case with the corporation's plea, is impervious to an exception. "It is only when it lacks one or more of the essential elements prescribed by the rule or sets up extraneous facts affirmatively sustaining the venue of the forum that a plea of privilege may be reached by demurrer or exception." Clark, Venue in Civil Actions, 236; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Mundy v. Waite, Tex.Civ.App., 103 S.W.2d 1094; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283; Commercial Standard Insurance Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933. Plaintiffs, the minority stockholders, by their exceptions, do not point to a defect, omission, obscurity, duplicity, generality, or other insufficiency in the plea of privilege. Rule 91, T.R.C.P.; Riley v. Gray, Tex.Civ.App., 275 S.W.2d 171. Plaintiffs' exception looks back to its own pleadings as proof of a fact—the real party plaintiff. The exception is a vehicle to import proof rather than point out a defect. This is a speaking demurrer which the law does not countenance. Riley v. Gray, supra. Because the plea of privilege was in correct form, even if the corporation were permitted to amend, there was no way that the defendant could have improved upon a plea that was already perfect.

■ A second point raised by the minority stockholders is whether, during this appeal, the corporation has waived its plea of privilege by voluntarily appearing in court to seek a summary judgment. Since the plea of privilege was not sustained, but was dismissed, the rules did not suspend a trial pending appeal. Rule 385, T.R.C.P.

The sharp point at issue, therefore, is whether the plaintiffs or the defendant corporation originated and pressed for the further proceedings. The situation developed in this manner. After this appeal, the plaintiffs, the minority stockholders, filed a motion for separate trials of their case against defendant Brooks and the defendant corporation. The plaintiffs also filed a motion in which they alleged that the corporation and Brooks had settled the suit, and asked the court to set a hearing on Feb. 24, 1959, for the purpose of developing the facts about the settlement, and then to approve or disapprove the settlement. At that point, the plaintiffs were pressing for a hearing which could determine the entire suit.

The defendant corporation first answered these motions by a pleading which was "subject to its plea of privilege." The corporation also separately filed, a few days later, its answer to plaintiffs' motion and by the same instrument moved for summary judgment. In reply the plaintiffs filed a plea to abate the summary judgment until after notices were given to all interested parties and there was a full hearing on the settlement. Rule 42, T.R.C.P. The trial court set all these motions down for hearing at the same time, February 24, 1959, and on that date conducted a hearing. At the conclusion of the hearing, it ordered that all motions and pleas were continued to an indefinite date.

The plaintiffs commenced this procedure by asking that the court hear and pass upon the settlement. Until that issue was raised and apparently until a hearing was set, the corporation had done nothing further after its appeal on the plea of privilege. When faced with a hearing, which conceivably could dispose of the entire case, the defendant corporation defended by asking that the court approve the settlement. The fact that the court, after the hearing, took no action does not alter the rule, for the defendant did not know what orders the court would make until after the hearing was over. The

plaintiffs elected to force the issue, and when they did that, they should not expect the defendant to do less than its best to win the point. If the plaintiffs did not want the settlement heard and then ordered approved or disapproved, they should not have asked for the hearing on the issue. Once they did so, the defendant could meet the issue with all the tools in its legal arsenal to prove its point. The plaintiffs commenced the proceeding by asking for a hearing, and by seeking a disposition of an issue that could fully dispose of the whole case. It is true that the defendant, by filing its motion for summary judgment, captured the burden of proof from the plaintiffs, Jindra v. Jindra, Tex.Civ.App., 267 S.W.2d 287, but the hearing and the issue were still the same, and they were forced upon the defendant by the plaintiffs. Participation in a hearing or trial from which it could not escape was not a waiver of the plea of privilege. Matthews v. Hedley, Tex.Civ.App., 47 S.W.2d 661; Nation v. Boney, Tex.Civ.App., 158 S.W. 2d 343; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 15 S.W.2d 126; Id., Tex.Civ.App., 4 S.W.2d 995; 1 McDonald, Texas Civil Practice, § 440. Accord, Herbort v. Weinheimer, Tex.Civ. App., 293 S.W.2d 673.

■ The Court feels compelled to discuss an additional matter of practice. Attached to both the plaintiffs' motion to dismiss the appeal and the corporation's answer to that motion are numerous Thermo-Fax copies of instruments and letters. This Court is interested in the economical and speedy preparation of records, but our experience, to this point, with such copies has not been favorable. The features which contribute to their undesirability are that the copy is dark, on brown paper; the paper is transparent, so that printing on the pages below blurs the pages on top; there are variations of readability, so that the eyes must be focused differently from one page to another; there are skips and irregularities, and handwriting is often not discernable at all. But the chief dif-

ficulty is that some pages are so blurred that all the letters of a word run together. Only by working out the context can we even read some words. Reading is reduced to a translation process. Our attention is diverted from what a word means to what it is. This is distracting, and with the amount of reading that this Court is required to do, we have instructed our Clerk in the future to require the preparation of records which are good, clear, and easily readable, on white paper. See order of Supreme Court, January 20, 1944, Rule 376–a, pp. 123–125, Vernon's Ann.Tex. Rules; Western Union Tel. Co. v. Texas Employment Commission, 150 Tex. 526, 243 S.W.2d 154.

The judgment is reversed and the cause remanded.