**PARKS–DAVIS AUCTIONEERS, INC., Appellant,**

v.

**VERNA DRILLING COMPANY, Appellee.**

**No. 6859.**

Court of Civil Appeals of Texas, El Paso.

Oct. 10, 1979.

Rehearing Denied Nov. 14, 1979.

Crouch and McClain, P.C., C. Sidney McClain, Dallas, for appellant.

Butler, Binion, Rice, Cook & Knapp, Robert Hayden Burns, J. Nicholson Meindl, Houston, for appellee.

## OPINION

WARD, Justice.

This is a venue appeal involving Subdivisions 7 and 23 of Article 1995, Tex.Rev.Civ. Stat.Ann. Suit was filed in Ector County, and the plea of privilege sought transfer to the Defendant's residence in Dallas County. The trial Court overruled the plea of privilege, and we affirm.

The Plaintiff, Verna Drilling Company, was interested in purchasing the assets of another drilling company and contacted the Defendant appraisal firm, Parks-Davis Auctioneers, Inc., to make an appraisal of the oil drilling equipment. An agreement was then made between the parties that the Defendant would make the appraisal and would use their employee, a Mr. Harries, for the actual work. After the appraisal began, Verna's manager inquired of Harries if the Defendant would make an appraisal for them of a National 110 oil rig which they had located in Saudi Arabia. Harries told them that he would have to contact the manager of his firm and would report to them later. According to the testimony offered by the Plaintiff, Harries later reported that the Defendant's manager had agreed that the Defendant would make the new appraisal, and at that time, and in Ector County, Verna disclosed the location and the ownership of the National 110 drilling rig, and that its price was $725,000.00. According to further testimony offered by Verna, this was confidential and highly valuable information. Verna later heard that the Defendant used this information and bought the National 110 oil rig for itself.

Verna filed this suit in Ector County premised upon fraud perpetrated by Parks-Davis on Verna; that is, that Verna related the confidential and highly valuable information about the oil drilling rig, that the receipt of the confidential information by Parks-Davis was after a fiduciary and confidential relationship existed between the two parties, and that Parks-Davis breached the fiduciary and confidential relationship by later purchasing the National 110 oil rig to the benefit and unjust enrichment of Parks-Davis.

The Appellant's points are that it was error to overrule the plea of privilege because necessary elements of Verna's cause of action were not established as it failed to establish (1) the existence of a fiduciary relationship between the parties; (2) the breach of such fiduciary relationship; (3) the authority of Harries as an employee of Appellant to obligate the Appellant in any manner to Verna; and (4) damages. While both parties approach the establishment of vital elements of Verna's cause of action in terms of their establishment by a preponderance of the evidence, we will treat the points as presenting both "no evidence" and "insufficient evidence" points since the test in this Appellate Court from an order overruling a plea of privilege involving the sufficiency of the evidence is the same as in any other civil case. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97, 99 (1953). See 1 McDonald, Texas Civil Practice sec. 4.55 at 613 (1965). We also note that both parties offered testimony as to their respective versions of the events leading to the dispute.

As to the proof establishing the existence of a fiduciary relationship between the parties, the evidence was uncontradicted that on the date when Verna disclosed to Harries in Ector County the location, price and ownership of the National 110, the Appellant, Parks-Davis, was employed by Verna to make the appraisal on the first oil well drilling equipment and was actually performing services under that first contract. The version then offered by Verna was that the Appellant, acting through Harries, accepted the appraisal contract on the National 110 in Ector County. This was denied by the Appellant, and its version was that the information concerning the National 110 was commonly known in the industry and that it had already acquired all knowledge concerning the 110 before the date in question. Appellant further offered testimony that Harries was never authorized to enter into the National 110 appraisal contract, and that Harries refused to make the appraisal contract and informed Verna's manager to that effect while in Ector County. Harries further testified that he would have only told Verna that Appellant would undertake the National 110 appraisal contract on behalf of the Appellant only if he had received previous authority and permission to enter the contract from his employer. In this connection, Verna's manager testified that Harries told him that he had received that authority to make the new contract. Under this testimony, the trial Court impliedly made the finding that the new contract was authorized by the Appellant and was made by Harries only after he had received the necessary authority.

According to the version offered by Verna, some time later the manager for Verna heard that the Appellant had purchased the National 110 for its own benefit; the Manager then called the Appellant's manager and, according to his version, the Appellant's manager then admitted that the Appellant had itself purchased the National 110, and that Verna would not benefit from the transaction.

The manager for Verna further testified Verna could have bought the National 110 for $725,000.00; that it stood ready, able

and willing to make the purchase; that after he found that the Appellant had bought the rig, advertisements were then circulated on behalf of the Appellant that it would sell the rig at private sale for $1,750,-000.00 f. o. b. Houston, Texas, although the advertisement stated that the Appellant was selling the rig in the capacity as auctioneer only.

The parties stipulated that the Appellant is a Texas corporation with its principal place of business in Dallas County.

Verna's cause of action is based upon the breach of a fiduciary or confidential relationship. Under the facts discussed, Verna established that a fiduciary or confidential relationship was created in Ector County and that the Appellant obtained an advantage with regard to the subject matter of that relationship. As noted, the Appellant became the agent and fiduciary of Verna Drilling Company for the purposes of appraising the National 110. It was then subject to the duty as an agent not to compete with the principal concerning the subject matter of its agency. Restatement (2d) of Agency sec. 393 at 216 (1958). The relationship having been established, and it being shown that the Appellant then took advantage of the relationship, Verna Drilling Company had met its burden under Subdivision 7.

The evidence establishing venue under Subdivision 7 was also sufficient to maintain venue under Subdivision 23 as Parks-Davis is a Texas corporation. Plaintiff may rely upon Subdivision 23 if the transactions relating to the primary right sued upon or the breach thereof occurred in the county of suit. *Inwood National Bank of Dallas v. First Bank & Trust of Bryan,* 485 S.W.2d 842 (Tex.Civ.App.—Waco 1972, no writ). Here, the primary right sued upon was created in Ector County when the Appellant undertook the appraisal of the National 110 and the confidential information was given.

After considering the points attacking the trial Court's implied findings that a fiduciary relationship existed between the parties, that there was a breach of such

fiduciary relationship, that Harries was authorized to obligate the Appellant in making the appraisal of the National 110 rig, and that the Appellant subsequently bought the drilling rig, and having considered the evidence and the inferences arising therefrom which support the trial Court's implied findings, we overrule the legal insufficiency attack made on the findings. After having reviewed the factual sufficiency attack upon the same implied findings, and having considered all of the evidence, we overrule the latter attack as well.

Venue in this cause is sustainable in Ector County under both Subdivisions 7 and 23, and the judgment of the trial Court is affirmed.