Bill B. McCULLOUGH and McCullough
Awning & Metal Co., Inc., Appellants,

v.

Charles KEY, Appellees.

No. 18386.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 20, 1980.

Brooks, Tarlton, Douglas & Kressler and
Ben A. Douglas, Fort Worth, for appellants.

Allen Landerman, Dallas, for appellees.

OPINION

HUGHES, Justice.

Bill B. McCullough and McCullough Awn-
ing and Metal Company, Inc., here appeal
the order of the trial court which overruled
their plea of privilege to be sued in Parker
County. Charles Key had filed suit against
McCullough (both the man and the corpora-
tion) as a shareholder of the corporation,
"in the right of" the corporation and on
behalf of "all other shareholders similarly
situated" in a shareholder's derivative suit.

We affirm.

Should a bonus paid to the president and
only stockholder of a one person corporation
for the right to purchase treasury stock of
that corporation have been kept by such
president? Did McCullough commit a fraud
on either or both the stock purchaser or the
corporation?

The facts in the case are simple and prac-
tically undisputed. Key agreed to buy
1,000 shares of corporation's stock from
McCullough for $10,000, with an option to
buy 1,000 more for the same price at a later
date. Key said he understood he would be
buying "a fifth" share of the company at
$10 per share and that McCullough was
going to own 80% after Key bought a fifth
of it.

Key related that he and McCullough met at the Northeast National Bank in Fort Worth, Tarrant County where Key gave McCullough $10,000: a one thousand dollar check made out to McCullough Awning & Metal plus "nine thousand cash." The bank teller took such cash to a different window and obtained a cashier's check. Key said of the transaction: "I knew he was going to get cash, though, and then there would be $1,000 going to the corporation."

In response to a question as to what McCullough was going to do with the $9,000, Key said: "It was his. I didn't know what he was going to do with it."

At this point we are constrained to ask: Where is the fraud as to Key? By his own admissions he got for what he bargained–a 1,000 shares of stock, knowing that $1,000 of what he paid was going to the corporation and $9,000 to McCullough. ("It was his.")

■ Here Key is relying upon fraud under Tex.Rev.Civ.Stat.Ann. art. 1995, sec. 7 (1964). All constituent elements must be proved by him. *Safeway Stores, Inc. v. Amburn*, 380 S.W.2d 727 (Tex.Civ.App.–Fort Worth 1964, writ dism'd). The element of false representation (necessary to fraud) is obviously missing here insofar as Key individually is concerned by Key's own testimony as above recited.

However, Key claims that McCullough, as a shareholder, officer and director of the corporation, breached a fiduciary duty to that corporation in not getting the best price for the stock for the corporation (the whole $10,000) instead of keeping $9,000 of it for himself. We agree. McCullough stood in the position of a fiduciary to the corporation and was obviously dealing here with property of the corporation–its stock. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 576 (Tex.1963), refers to a director in terms of a trustee who "in dealing with trust property, cannot claim for himself, but must yield to the beneficiary, any profit which he makes." *Tenison v. Patton*, 95 Tex. 284, 67 S.W. 92 (1902).

■ The trial court had sufficient evidence to warrant a finding of fraud as required by Tex.Rev.Civ.Stat.Ann. art. 1995, sec. 7 (1964), in the breach of the fiduciary relationship reflected in the testimony of McCullough. He kept most of the money ($9,000) which he had acquired for the corporation. He converted that money to his own use in Tarrant County. Key only had to show existence of the fiduciary relationship and its breach. Trial court had sufficient evidence to find that he did. *Parks–Davis, Etc. v. Verna Drilling Co.*, 589 S.W.2d 168 (Tex.Civ.App.–El Paso 1979, writ dism'd).

We overrule point of error number one.

■ We also agree with Key that the corporation was incapable of raising a plea of privilege in this case of a shareholder's derivative suit. Such a suit is based on the premise that shareholder is suing in behalf of he corporation. *National Bankers Life Insurance Company v. Adler*, 324 S.W.2d 35 (Tex.Civ.App.–San Antonio 1959, no writ). Venuewise such corporation is considered a plaintiff unless the action interferes with corporate affairs. Here no such interference is shown.

We overrule point of error number two.

We affirm.