Vernon T. ADLER et al., Appellants,

v.

Pierce P. BROOKS et al., Appellees.

No. 27.

Court of Civil Appeals of Texas.

Tyler.

Jan. 23, 1964.

Rehearing Denied Feb. 20, 1964.

Floyd McGown, Jr., Frank M. Rosson, San Antonio, R. L. Dillard, Jr., Curtis White, Dallas, for appellants.

O. A. Fountain, Daniel T. Collins, John A. Pace, Dallas, for appellees.

SELLERS, Justice.

On July 11, 1958, Vernon T. Adler, individually and as executor of the estate of H. O. Adler, deceased, and Dorothy Virginia Helm and husband, Floyd H. Helm, Jr., filed this suit in the District Court of Kendall County, Texas. The case was subsequently transferred to Dallas County on plea of privilege. The defendants in the suit were Pierce P. Brooks and National Bankers Life Insurance Company, and service was completed on both parties.

The suit is a stockholders derivative class suit under Rule 42, Texas Rules of Civil Procedure. Plaintiffs, as minority stockholders of National Bankers Life Insurance Company sued Pierce P. Brooks for the benefit of the company and on behalf of all minority stockholders of the company.

Plaintiffs' petition alleges in itemized detail actions of violation by Pierce P. Brooks against the company and claim is made against Brooks for the benefit of the company and all minority stockholders for the sum of $3,000,000.00. At the time the suit was filed, Brooks was a majority stockholder of the company and an officer and director of the company, and controlled the company.

On July 1, 1958, the Commissioner of Insurance of the State of Texas filed a Show Cause Order against National Bankers Life Insurance Company and its officers in which it set up most all of the mismanagement by the officers of the company set out in the petition of the minority stockholders. The Show Cause Order fixed a date for the company to appear and show cause why its charter to do business in Texas should not be canceled; and on July 24, 1958, the Insurance Commissioner entered an order finding in effect that in spite of mismanagement the company remained solvent and approved the continuation of its certificate of authority to do business in the state; and in connection with said order, held

"The Commissioner hereby directs the new Board of Directors and Officers of National Bankers Life Insurance Company to immediately take such steps as may be necessary to investigate thoroughly the matters set out in the association examination report, and following a thorough study of such transactions, to take any action indicated to be proper and necessary to recover on behalf of National Bankers any expenditure of funds which was made for illegal or unauthorized investments, overvalued investments, or which operated to the detriment of Na-

tional Bankers as a result of 'self dealing' or 'conflict of interest.' "

Pierce P. Brooks sold his majority stock in the National Bankers Life to R. L. Huffines, Jr., and Victor Muscat, under a contract dated August 11, 1958. Subsequently, most of the directors who were favorable to him or controlled by him resigned. A new Board of Directors and new officers were elected, including Huffines as President, and Muscat as Chairman of the Board of Directors. This new management took over National Bankers Life Insurance Company.

On December 17, 1958, while the plaintiffs' lawsuit was pending, the new management of the company, Huffines and Muscat, entered into a written contract of settlement with Brooks in New Orleans, Louisiana. This settlement agreement called for Brooks to pay $1,025,000.00 to the company. After the settlement agreement with Brooks was made by the new management, the plaintiffs asked the Court for a hearing on the same in accordance with Rule 42 T.R.C.P.

Although requested and urged by plaintiffs, no hearing of any kind has ever been held in the trial court on the merits of the compromise agreement with Brooks under Rule 42 or on plaintiffs' request for reimbursement for expenses and attorney's fees.

On the second day of December, 1962, a motion for summary judgment filed by National Bankers Life Insurance Company, with all parties before the Court, was granted and the cause of action of the plaintiffs was dismissed at the plaintiffs' costs, from this judgment the plaintiffs have appealed.

Appellees seek to sustain the trial court's dismissal of the suit on two grounds:

"The District Court correctly granted Appellee's, National Bankers Life Insurance Company's, motion for summary judgment on the stockholders derivative action for the reason that the Insurance Commissioner had taken primary jurisdiction of the affairs of Na-

tional Bankers Life Insurance Company by issuing his Show Cause Order on July 1, 1958.

"If the Insurance Commissioner had acquired primary jurisdiction of the affairs of National Bankers Life Insurance Company, the District Court never acquired jurisdiction of the stockholders derivative action; and therefore, the approval of the Court to the compromise settlement agreement was not necessary, and the provision of TRCP 42, requiring approval by the Court, did not prevent the granting of the summary judgment."

It has been held that the Act of 1957 was intended as a comprehensive statute setting up a new administrative structure applicable to all forms of insurance and repealing all existing laws in conflict therewith. State Board of Insurance, et al. v. June Lee Adams, Tex.Civ.App., 316 S.W.2d 773.

In Article 1.19 of the Insurance Code, section 3, V.A.T.S., among other matters, has this language:

"No action shall be brought or maintained by any person other than the Board for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State. Acts 1951, 52nd Leg., ch. 491; Acts 1955, 54th Leg., p. 826, ch. 307, § 7."

Similar language to that above quoted was before the court in the case of Hand et al. v. State of Texas, 335 S.W.2d 410, Tex.Civ.App., and it was there held:

[1] "In article of Insurance Code providing that no action shall be brought or maintained by any person other than board of insurance commissioners for enjoining, restraining or interfering with prosecution of 'business' of company, the word 'business' has reference to business company is chartered to

perform. V. \.T.S. Insurance Code, art. 3.63."

The prayer of the appellants in their suit is as follows:

"WHEREFORE, plaintiffs pray that each of the defendants be cited to appear and answer herein, and that final judgment herein be rendered as follows:

"(1) That National Bankers Life Insurance Company recover judgment against the defendant Pierce P. Brooks * * * for the sum of $3,000,000.00, together with interest;

"(2) That the plaintiffs recover from National Bankers Life Insurance Company their expenses and attorney's fees incurred in bringing this suit in such reasonable amount as may be set and determined by the Court; * * *"

When you look at the relief sought by the appellants in their suit it does not infringe upon any duty of the Insurance Company governed by Insurance Board or its officers, but seeks to recover from fraudulent officers for the benefit of the company money which the Insurance Commissioner was not authorized to sue for; and at the time the suit was brought, there were no officers of the company to whom the stockholders could turn to prevent this great loss to them.

It is the opinion of this Court that appellants were not barred from the prosecution of their suit by the filing of the Show Cause Order of July 1, 1958, for the reason that the Insurance Commissioner did not have the power to secure the relief sought in their suit.

█ We think the rule in Texas covering the right of a minority stockholder suit under Rule 42 authorizes recovery of expenses and attorney's fees to the extent that the suit aided the company in its recovery of the $1,025,000.00 which it recovered from Brooks. Modern Optics, Inc., Appellant, v. Jesse Buck, Appellee, and au-

thorities therein cited. Tex.Civ.App., 336 S.W.2d 857. The letters, depositions, and statements in this record certainly make an issue of fact for the trial court as to the extent, if any, such suit aided the company in its recovery.

█ We do not feel that there was error on the part of the company or its officers in not submitting the settlement with Brooks to the Court in the appellants' suit for confirmation under Rule 42. This rule has application where compromise is made in such a suit by the minority stockholders and not where a dismissal is entered by the Court on the merits. Pelalas v. Caterpillar Motor Co., 7 Cir., 113 F.2d 629.

Since there is an issue of fact presented by this record, the judgment of the trial court granting a summary judgment and dismissing the appellants' case, is reversed and the cause remanded to the trial court.