**NATIONAL BANKERS LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Frank M. ROSSON et al., Appellees.**

**No. 16657.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 4, 1966.

Rehearing Denied March 11, 1966.

Johnson, Guthrie, White & Stanfield, Curtis White and R. L. Dillard, Jr., Dallas, Frank M. Rosson and Floyd McGown, Jr., San Antonio, for appellees.

WILLIAMS, Justice.

This suit was originally filed on July 11, 1958 in the District Court of Kendall County, Texas, by Vernon T. Adler, individually, and as Executor of the Estate of H. O. Adler, Deceased, and Dorothy Virginia Helm and husband, Floyd H. Helm, Jr., as plaintiffs, against Pierce P. Brooks and National Bankers Life Insurance Company, as defendants. The suit was in the nature of a stockholders' derivative class action authorized by Rule 42, Texas Rules of Civil Procedure. Plaintiffs, as minority stockholders of National Bankers Life Insurance Company brought the action for the benefit of the company and on behalf of all its minority stockholders. Plaintiffs' petition contained itemized violations by Pierce P. Brooks against the company and claim was made against Brooks for the sum of $3,000,000. Brooks was a majority stockholder of the company and an officer and director of the company at the time the suit was filed.

After an appeal on venue[1] the case was transferred to Dallas County for trial. On December 2, 1962 the 116th District Court of Dallas County entered a summary judgment in favor of National Bankers and denying plaintiffs any relief. On appeal, the case was transferred to the Tyler Court of Civil Appeals, which reversed and remanded[2] the case to the trial court for a determination of fact issues. Following remand, the case was transferred to the 101st District Court and tried to a jury. In response to two special issues the jury found (1) that plaintiffs' suit aided National Bankers Life Insurance Company in the recovery of $1,025,000 from Pierce P. Brooks, and (2) that the sum of $200,000 would reasonably compensate Rosson and ·

John A. Pace, Roy R. Ray and Daniel T. Collins, Dallas, for appellant.

1. National Bankers Life Ins. Co. v. Adler, Tex.Civ.App., 324 S.W.2d 35.

2. Adler v. Brooks, Tex.Civ.App., 375 S.W. 2d 544, wr. ref. n.r.e.

McGown for their services as lawyers in this suit.

## OPINION

Appellant presents three points of error in its assault upon the judgment of the trial court: (1) that the trial court erred in excluding certain testimony of a witness E. M. Arnold; (2) that the trial court erred in refusing to reduce the amount of the jury verdict which was excessive as a matter of law, and not supported by the evidence; and (3) that the trial court erred in refusing to grant appellant's motion for judgment *non obstante veredicto* for the reason that the district court never acquired jurisdiction of this stockholders' derivative suit. We have elected to consider these three points in inverse order.

A consideration and determination of appellant's jurisdictional point must be viewed in the light of antecedent facts. On July 1, 1958, some ten days prior to the filing of this suit, the Commissioner of Insurance of the State of Texas filed a Show Cause Order against National Bankers Life Insurance Company and its officers in which allegation was made of many acts of omission and commission constituting mismanagement by the officers of the company, and being many of the same acts later set out in the petition of the minority stockholders. The Show Cause Order fixed a date for the company to appear and show cause why its charter to do business in Texas should not be cancelled. On July 24, 1958, the Insurance Commissioner entered an order finding, in effect, that in spite of mismanagement the company remained solvent and approved the continuation of its certificate of authority to do business in this state. By his order the Commissioner directed the new board of directors and officers of National Bankers Life Insurance Company to immediately take such steps as might be necessary to investigate thoroughly the matters complained about and to take any action indicated to be proper and necessary to recover on behalf of National Bankers any expenditure of funds which was made for illegal or unauthorized investments, etc. Pierce P. Brooks sold his majority stock in the National Bankers Life to R. L. Huffines, Jr. and Victor Muscat, by contract dated August 11, 1958. Subsequently, most of the directors who were favorable to Brooks, or controlled by him, resigned and a new board of directors and new officers were elected, including Huffines as President and Muscat as Chairman of the Board of Directors. The new management took over National Bankers Life Insurance Company and on December 17, 1958, while plaintiffs' lawsuit was pending, the new management of the company, Huffines and Muscat, entered into a written contract of settlement with Pierce P. Brooks in New Orleans, Louisiana. This settlement agreement called for Brooks to pay $1,025,000 to the company.

Appellant's contention that the trial court never obtained jurisdiction of the subject matter of this litigation is based upon the doctrine of primary jurisdiction. Appellant invokes the provisions of Art. 1.19 of the Insurance Code, Sec. 3, Vernon's Ann.Tex.Civ.Statutes, which provides, *inter alia*: "No action shall be brought or maintained by any person other than the Board for closing up the affairs or to enjoin, restrain or interfere with the prosecution of the business of any such insurance company organized under the laws of this State."

Appellant argues that by virtue of this statute, and the Commissioner of Insurance having obtained original jurisdiction of the "affairs and condition" of the insurance company that the court had no right or authority to consider the case. It invokes the application of the doctrine of primary jurisdiction which is fully discussed in 1 Tex.Jur.2d, p. 661. See also 28 Texas Law Rev., pp. 400, 402; 42 Am.Jur., pp. 698–699; Kavanaugh v. Underwriters Life Ins. Co., Tex.Civ.App., wr. ref., 231 S.W.2d 753; Huffines et al. v. Mercury Life & Health Co. et al., Tex.Civ.App., 185 S.W. 2d 239; Texas & Pacific Ry. Co. v. Abi-

lene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553.

█ While we fully recognize and appreciate the extent and effect of the doctrine of primary jurisdiction as it relates between administrative boards and the courts, we find ourselves unable to agree with appellant that the Commissioner of Insurance of Texas obtained such primary jurisdiction of the subject matter of the litigation as to deprive the trial court of jurisdiction thereof. We think that the decision of the Tyler Court of Civil Appeals in Adler v. Brooks, 375 S.W.2d 544, wr. ref. n. r. e., is determinative of the question. There, the Court of Civil Appeals carefully considered the identical jurisdictional attack now being made here and held that the relief sought by plaintiffs in their stockholders derivative action does not infringe upon any duty of the insurance company governed by the Insurance Board or its officers but seeks to recover from fraudulent officers, for the benefit of the company, money which the Insurance Commissioner was not authorized to sue for and at the time that suit was brought there were no officers of the company to whom the stockholders could turn to prevent this great loss to them. The court held that plaintiffs were not barred from the prosecution of their suit by the filing of the Show Cause Order by the Insurance Commissioner for the reason that the Insurance Commissioner did not have the power to secure the relief sought in their suit.

We are in complete agreement with the opinion of the Court of Civil Appeals at Tyler and overrule appellant's third point of error.

Appellant utilizes the greater part of its brief by attacking the excessiveness of the verdict and judgment. It prays that we require a remittitur so as to reduce the judgment or that we reverse and remand the judgment for further consideration on the question of reasonableness of the attorneys' fees sought by appellees. It is significant to note that appellant does not challenge the jury finding that appellees' suit aided National Bankers in the recovery of the $1,025,000. Appellant does not question appellees' right to recover attorneys' fees under the facts here presented but only assails the amount of recovery. The Court of Civil Appeals at Tyler in its opinion in Adler v. Brooks, 375 S.W.2d 544, correctly stated the law as to the right to recover attorney's fees and expenses in stockholders derivative actions, as follows:

"We think the rule in Texas covering the right of a minority stockholder suit under Rule 42 authorizes recovery of expenses and attorney's fees to the extent that the suit aided the company in its recovery of the $1,025,000.00 which it recovered from Brooks. Modern Optics, Inc., Appellant, v. Jesse Buck, Appellee, and authorities therein cited. Tex.Civ. App., 336 S.W.2d 857. The letters, depositions, and statements in this record certainly make an issue of fact for the trial court as to the extent, if any, such suit aided the company in its recovery."

The question of excessiveness of the verdict and the judgment rendered thereon naturally requires an exhaustive review of the testimony material to the issue. We have carefully read the entire statement of facts and find that it presents the usual and characteristic testimony in cases of this kind. There is evidence presented by both appellant and appellees to support their respective contentions. The statement of facts is very voluminous and it would unduly lengthen this opinion to attempt to summarize all of the testimony both pro and con on the issue of the value of the services rendered by appellees for which they seek recovery.

Appellees presented voluminous testimony concerning the actual work which they performed from 1957 to 1964 including investigation, research, interviews, trips, conferences, trials, appeals, all in the prosecution of their employment as attorneys in the stockholders derivative action. Suffice it to say that their testimony with reference

to their work over a period of approximately seven years presented a clear picture for the jury in arriving at their answers to the special issues both on the effect of their services as well as the value thereof. Appellees presented the expert testimony of attorneys Bascom Thomas and Angus Wynne, both of the Dallas, Texas Bar, each of which had had extensive experience in stockholders derivative actions. Their testimony included opinions concerning the reasonable value of the attorneys' services ranging from ten per cent to fifty per cent of the recovery of $1,025,000.

As opposed to this, appellant introduced the testimony of Hubert Johnson, a respected member of the Dallas Bar, who testified that the fee should be on an hourly basis of $30 per hour. He admitted, on cross-examination, that he had had very little experience with stockholders derivative suits and expressed a doubt that he should render an opinion concerning a suit of this kind.

The State Bar minimum fee schedule provides as a minimum fee in contingent cases that the attorney will receive twenty-five per cent of the amount recovered if no suit is filed and one-third of the amount recovered if a suit is filed, whether tried or not. The verdict of the jury amounts to slightly less than twenty per cent of the recovery.

■ When we consider the conflict in the testimony; the amount of work actually testified to by appellees; the skill of the attorneys; the nature and character of the litigation; the time involved, and the many other and various factors involved, we are in no position to say that the jury acted arbitrarily or without support in the evidence in rendering the verdict of $200,000.

Our Supreme Court in Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 discussed the question of the reasonableness of attorneys' fees and, among other things, said:

"The general rule is that it is the province of the jury to determine what is the reasonable value of an attorney's services, and that the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified." (Citing cases.)

To the same effect see Merchants' Ice Co. v. Scott & Dodson, Tex.Civ.App., 186 S.W. 418, wr. ref., wherein the court said that the value of the professional services of attorneys was peculiarly within the province of the jury and where there is evidence to support the verdict the same will not be disturbed by the reviewing court.

We find ample evidence in this record to justify the jury's findings. No effort was made to demonstrate that the jury's verdict was the product of bias or prejudice or inflammatory testimony or argument. Appellant's second point is overruled.

■ In its Point 1 appellant complains of the exclusion of the testimony of the witness E. M. Arnold, a representative and an Arkansas attorney for Pierce P. Brooks, concerning his opinion that the pendency of the stockholders derivative suit benefited National Bankers Life Insurance Company in arriving at the settlement with Brooks. Three witnesses testified concerning the negotiations in New Orleans which led to the final settlement and payment by Brooks of the sum of $1,025,000. These witnesses were O. A. Fountain, the general counsel and director of the company, R. L. Huffines, Jr., Chairman of the Board of the company, and E. M. Arnold. Both Fountain and Huffines, over objections of appellees, were permitted to testify and render their opinion to the effect that the pendency of the stockholders derivative suit did not in any way aid or contribute in working out the final settlement. The deposition of Arnold was offered in evidence, one question being:

"Q. Can you tell the jury whether in your opinion the pendency of this suit

in any way benefited National Bankers Life Insurance Company in arriving at a settlement?"

Appellees objected on the ground that the witness was not shown to be qualified to express an opinion and that there were no facts to show that he was competent to judge what benefits could be derived from the Texas suit. The court sustained the objection. The statement of facts reveals that following this transaction appears the following:

"(REPORTER'S NOTE: The following is the answer to which objection was made:

'A. It is my opinion that the pendency of the Adler suit did not benefit National Bankers Life Insurance Company in arriving at the settlement agreement.')"

Appellant vigorously urges that the exclusion of the witness' answer was extremely harmful to its case and caused the rendition of an improper verdict.

Appellant contends that pursuant to Rule 212, T.R.C.P. no objection as to the form or the manner of taking the deposition shall be heard where the deposition shall have been on file in the court at least one entire day before the case is called for trial unless such objection is in writing and notice thereof is given to the opposite party before the trial commences. We do not agree with appellant that Rule 212, T.R.C.P. applies in this case. The question propounded called for an opinion of the witness and did not go to the form or the manner of taking the deposition as contemplated by law. The question asked, and the answer sought to be elicited from the witness, went to the competency and relevancy of the evidence which may properly be raised at the time of offer. 20 Tex.Jur. 2d, p. 14; Lee & Co. v. Stowe & Wilmerding, 57 Tex. 444, 450; Sonnefield v. Mayton, Tex.Civ.App., *39* S.W. 166; Burleson v. Morse, Tex.Civ.App., 172 S.W. 2d 361.

■ Several other reasons are found in this record why appellant's contention is without merit. The record is not clear as to whether the trial court was ever advised as to what the answer of the witness would have been had he been permitted to testify in answer to the question propounded. The "Reporter's Note" is not conclusive in this regard. It is well settled law that where a bill of exceptions to the rejection of evidence fails to state what the complainant would have proved had the witness been permitted to testify is not sufficient to authorize an appellate court to reverse an alleged error predicated on the action of the court in excluding the testimony. Galveston, H. & S. A. Ry. Co. v. Dehnisch, Tex. Civ.App., 57 S.W. 64; Bowles v. Bourdon, Tex.Civ.App., 213 S.W.2d 713, affirmed Supreme Court, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1; City of Houston v. Huber, Tex.Civ.App., 311 S.W.2d 488; Gass v. Baggerly, Tex.Civ.App., 332 S.W.2d 426.

Assuming, *arguendo*, that the court erred in excluding the proffered opinion of the witness Arnold, we are convinced from a reading of this record that appellant has not demonstrated that such exclusion probably resulted in the rendition of an improper verdict in this case. Rule 434, T.R.C.P. As stated, the court admitted in evidence the same testimony from two other witnesses, Fountain and Huffines, so that Arnold's testimony, if admitted, would be only cumulative testimony. Appellant's Point 1 is overruled.

Floyd H. Helm and Dorothy Virginia Helm, referring to themselves as "Appellants", have filed a brief which contains one point of error in which they say that: "The Court committed fundamental error in overruling plaintiff's motion for a new trial and entering a judgment allowing attorney's fees in the amount of $200,000.00 in favor of Frank M. Rosson and Floyd McGown, Jr." We have considered the Helms' point and find the same to be entirely without merit. They point to nothing

that could be considered "fundamental error" and, in essence, complain of the amount of the judgment as being excessive. They frankly state: "The appellants herein wish that the attorneys, Floyd McGown, Jr. and Frank M. Rosson be paid a reasonable sum and they recover expenses and attorney's fees to the extent that the plaintiff's suit aided the corporation in its recovery but they feel that the sum of $200,-000.00 as attorney's fees is excessive and unjustified for the services rendered by Rosson and McGown." What we have said in connection with appellant's Point 2, relating to the charge of excessiveness of the verdict and judgment, applies with equal force to the Helms' argument. Their point is overruled.

Having carefully considered the entire record in this case and finding no reversible error reflected, we affirm the judgment of the trial court.

Affirmed.

BATEMAN, J., not sitting.