

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 28, 1976

The Honorable Truett Latimer
Executive Director
Texas Historical Commission
P. O. Box 12276, Capitol Station
Austin, Texas 78711

Opinion No. H- 828

Re: Whether a city may
contract with a private
organization to restore
and maintain an historic
home.

Dear Mr. Latimer:

You have asked if article 3, section 52 of the Texas
Constitution would preclude a contract between a city and a
private organization whereby the private organization would
receive federal community development funds from the city
and in return, the private organization would purchase,
restore and maintain an historic home. See Housing and
Community Development Act of 1974, 42 U.S.C. § 5305; Texas
Community Development Act of 1975, V.T.C.S., art. 1269l-4;
V.T.C.S., art. 1269j-4.1. We understand that the home
involved is the Scott Home in Fort Worth, which has been
designated as a National Landmark by the National Register
of Historical Places through the United States Department of
Interior.

Your question does not include a specific contract
between the city and the private organization and thus,
we do not pass on the validity of any specific agreement
in light of article 3, section 52. Neither do we determine
the applicability of any other constitutional or charter
provisions.

Your specific question is whether the city would be precluded by article 3, section 52 of the Texas Constitution from contracting with a private organization to restore, maintain and operate the home. We do not believe the fact that the funds are part of a federal grant to the city is relevant for purposes of the constitutional provision. Article 3, section 52 provides in part:

> (a) Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

A similar question was raised in Attorney General Opinion H-127 (1973), which stated:

> The current construction of this provision is that it does not prohibit the Legislature from authorizing a county, city or other political corporation or subdivision to spend its funds with private corporations for the achievement of public purposes. See, for example, State v. City of Austin, 331 S.W.2d 737 (Tex. 1960) and Bullock v. Calvert, 480 S.W.2d 367 (Tex. 1972).

> It is not unusual for political subdivisions to contract with private corporations to perform services or functions which the governmental unit might have provided itself. For instance, in Attorney General Opinion C-246 (1964), it was held, after a very thorough discussion of the law, that a commissioners court could contract with a private entity for the care of indigent aged in a private facility. In Attorney General Opinion C-334 (1964), it was held that a hospital district could pay private hospitals for the care of indigent patients.

In Attorney General Opinion M-843 (1971), it was held that Potter County could contract with a private non-profit institution for the care and supervision of juvenile delinquents. Other examples might be cited but we deem the foregoing amply sufficient to support our conclusion that a county may contract with a private non-profit corporation for the purpose of creating and maintaining a recreational center designed for aged persons under the same terms and conditions that the county itself could create and maintain such a center.

It it is our opinion article 3, section 52 of the Texas Constitution does not preclude a city from contracting with a private organization for restoration, operation and maintenance of an historic home for the benefit of the public. See Attorney General Opinions H-740 (1975), H-520 (1975); H-472 (1974); H-445 (1974); H-416 (1975); and H-403 (1975).

### S U M M A R Y

Article 3, section 52 of the Texas Constitution does not preclude a city from contracting with a private organization for restoration, operation and maintenance of an historic home for the benefit of the public.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb