

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00330-CV
_____

LUBBOCK COUNTY, APPELLANT

V.

OSCAR REYNA, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2018-530.166, Honorable David L. Gleason, Presiding

January 5, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Lubbock County, appeals from a jury verdict finding appellee, Oscar Reyna, entitled to lifetime income benefits under Texas Labor Code section 408.161. Lubbock County also challenges the trial court's award of Reyna's commuted attorney's fees. We affirm the trial court's judgment.

Factual and Procedural Background

Reyna was injured on May 14, 2013, while working as a maintenance supervisor at the Lubbock County Courthouse. The injury occurred when Reyna was attempting to repair an issue with a tractor when his head got caught in the hydraulics, causing a significant crushing injury to Reyna's jaw and neck area. After undergoing extensive rehabilitation, Reyna returned to work for Lubbock County as a maintenance supervisor in September of 2013. Reyna retired from that position in late November of 2015.

Reyna was examined by a Texas Department of Insurance, Division of Workers' Compensation (DWC) designated doctor in July of 2015 and assessed an eighty-one percent impairment rating. In May of 2017, Reyna was examined by a second designated doctor to assess the extent of Reyna's compensable injury. This second designated doctor determined that Reyna's compensable injury did not include a traumatic brain injury. However, in response to a letter of clarification from the DWC, the second designated doctor reversed his opinion and determined that Reyna did sustain a traumatic brain injury that caused "incurable insanity or . . . imbecility."

Reyna sought lifetime income benefits for his cognitive issues arising from his compensable injury. Lubbock County denied Reyna's claim so a hearing was held before a DWC Administrative Law Judge (ALJ), who found that Reyna suffered a traumatic brain injury but that the injury did not meet the definition of imbecility that would entitle him to lifetime income benefits. The ALJ's determination was affirmed by the DWC Appeals Panel. Both parties filed petitions for judicial review with Lubbock County appealing the inclusion of the traumatic brain injury in the compensable injury and Reyna appealing his

non-entitlement to lifetime income benefits. These two causes were consolidated into the instant case.

Trial was held to a jury. At the close of the trial, the jury agreed with the DWC that Reyna had suffered a traumatic brain injury but overturned the DWC's determination that the injury did not result in incurable insanity or imbecility. Following the trial, Reyna sought an order awarding him attorney's fees pursuant to the Texas Labor Code.[1] At the hearing on attorney's fees, the trial court granted Reyna's motion challenging Lubbock County's standing to challenge Reyna's claim for attorney's fees and approving Reyna's request for $207,000 in attorney's fees. The final judgment, however, orders that "a lump-sum payment of attorney fees" be paid by Lubbock County out of Reyna's benefits "in accordance with a separate order of the Court incorporated herein by reference." However, there is no separate order specifying the amount of attorney's fees awarded by the trial court found in the appellate record.

By its appeal, Lubbock County presents six issues. By its first issue, Lubbock County contends that the evidence that Reyna was incurably insane or an imbecile was not supported by factually sufficient evidence. Its second issue contends that the trial court erred in submitting the definitions of incurable imbecility and incurable insanity in its jury charge over Lubbock County's objections. By its third issue, Lubbock County contends that the trial court erred in admitting evidence of the personal finances of its expert witness over objection. Its fourth issue contends that the trial court erred in finding that Lubbock County does not have standing to challenge the award of Reyna's attorney's

---

[1] *See* TEX. LABOR CODE ANN. § 408.221(b) (West 2015).

3

fees.  By its fifth issue, Lubbock County contends that the trial court erred in finding that Suzanne Novak, M.D., was not a proper rebuttal witness on the issue of attorney's fees. Finally, by its sixth issue, Lubbock County contends that the trial court erred in commuting Reyna's attorney's fees on the basis of erroneous life expectancy tables because such an award constitutes monetary damages that violate sovereign immunity.

## Issue One – Factual Sufficiency

By its first issue, Lubbock County contends that the evidence is not factually sufficient to support the jury's determination that Reyna is entitled to lifetime income benefits.  Reyna contends that Lubbock County waived its factual sufficiency challenge by not asserting it in a timely filed motion for new trial.

Rule 324 of the Texas Rules of Civil Procedure provides that to preserve a complaint of factual insufficiency of the evidence to support a jury finding for appellate review, the complaint must be presented to the trial court in a motion for new trial.  TEX. R. CIV. P. 324(b)(2).  Lubbock County did not file a motion for new trial.  Consequently, Lubbock County failed to preserve its challenge to the factual sufficiency of the evidence. We overrule Lubbock County's first issue.

## Issue Two – Jury Charge Definitions

By its second issue, Lubbock County contends that the trial court erred in submitting definitions of incurable imbecility and incurable insanity in its jury charge other than the definitions proposed by Lubbock County.  Reyna responds contending that Lubbock County did not sufficiently apprise the trial court of the grounds for its objections

4

to the trial court's definitions and, therefore, those objections have not been preserved for appellate review.

A request for a definition in the court's charge must be made separate and apart from the party's objections to the court's charge. TEX. R. CIV. P. 273. Objections must be presented to the court in writing or be dictated into the record in the presence of the court and opposing counsel before the charge is read to the jury. TEX. R. CIV. P. 272. Furthermore, an objection must point out distinctly what is objectionable in the charge and the grounds for the objection. TEX. R. CIV. P. 274. If an objection to a charge is not made in this manner, it is considered waived. TEX. R. CIV. P. 272; *Castleberry v. Branscum*, 721 S.W.2d 270, 276-77 (Tex. 1986). General objections are not sufficient to preserve error. *See City of Brenham v. Honerkamp*, 950 S.W.2d 760, 766 (Tex. App.—Austin 1997, writ denied) (objection that definition is "not the law in Texas" is not specific enough to preserve error). Further, the objection raised at trial must comport with the complaint presented on appeal. *Delaney v. Scheer*, No. 03-02-00273-CV, 2003 Tex. App. LEXIS 1080, at *8 (Tex. App.—Austin Feb. 6, 2003, no pet.).

In the present case, the trial court's jury charge defined "imbecility" as "a brain injury which so affects the non-vocational quality of life by eliminating his ability to engage in a range of usual cognitive processes." The charge defined "incurable insanity" as "a severe social or cognitive dysfunction that affects the quality of the personal, non-vocational life in a significant activity and is incurable if it is unlikely that normal function can be returned." Lubbock County objected to these definitions and requested that the definition of imbecility require that the claimant be "permanently unemployable" and that the definition of incurable insanity also provide that the effect be "comparable to the loss

5

of two members or sight of both eyes." The trial court overruled Lubbock County's objection and the jury charge was submitted with the initial definitions.

In voicing its objections to these definitions, Lubbock County cited the plaintiff's proposed definition of imbecile in the case of *Chamul*. *See Chamul v. Amerisure Mut. Ins. Co.*, 486 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The issue addressed in the *Chamul* case regarded whether the definition of imbecility that had been used by the Division of Workers' Compensation in Chamul's case and generally was an appropriate definition. *Id.* at 119. That definition was taken from a 1991 dictionary which provides that imbecility "contemplates that the affected individual will not only require supervision in the performance of routine tasks, but will have a mental age of three to seven years." *Id.* (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1991)).[2] The *Chamul* court rejected this definition because its overly narrow, age-specific definition would lead to absurd results wherein a claimant that suffered a traumatic brain injury that resulted in the claimant's mental age being less than three years would be excluded from receiving lifetime income benefits. *Id.* at 127. In the present case, the definition of imbecility that was submitted to the jury did not include any sort of age-based limitation. Consequently, because Lubbock County's reference to *Chamul* did not specifically identify an applicable ground for its objection to the definition of imbecile used by the trial court, we cannot conclude that this reference preserved any error regarding the definition. *See* TEX. R. CIV. P. 274.

---

[2] The Division of Workers' Compensation hearing officer cited two sources in *Chamul* to support the use of this definition: *Liberty Mut. Ins. Co. v. Camacho*, 228 S.W.3d 453 (Tex. App.—Beaumont 2007, pet. denied), and DWC Appeals Panel Decision No. 961340, 1996 TX Wrk. Comp. LEXIS 4631 (Aug. 21, 1996).

In addition, Lubbock County cites *Chamul* for the definition of imbecility that was proposed by the claimant.  A review of the opinion reveals that this proposed definition was not analyzed by the *Chamul* court.  Consequently, we cannot understand how Lubbock County's reference to *Chamul* put the trial court on notice as to the grounds of its objection.  *See id.*

Finally, Lubbock County contends that, "[a] review of both counsels' objections and the mutual one-name references of *Chamal* [sic] and *Comacho*[3] [sic] indicates the off-record conference with the trial judge involved a detailed discussion on the case law and arguments regarding the proposed definitions."  As a reviewing court, we are constrained to review objections that may be found within the record.  *See* TEX. R. APP. P. 33.1.  Consequently, we cannot presume that a discussion that was not made part of the record advised the trial court of the grounds for an objection to the court's charge.

Because we do not find any specific identification of the grounds for Lubbock County's objection to the trial court's definitions of incurable imbecility and insanity, nothing is preserved for our review.  We overrule Lubbock County's second issue.

Issue Three – Impeachment of Expert

By its third issue, Lubbock County contends that the trial court erred in admitting evidence of the personal finances of its expert witness, Andrew Brylowski, M.D.  Reyna responds contending that Lubbock County waived any objection to the challenged

---

[3] The only reference to the *Camacho* case that we find in the discussion of the trial court's charge came when Reyna requested a different definition of imbecility by explaining, "the *Camacho* case, which is cited in the *Chamul* case, provides us with a more recent definition, that being the definition for 'imbecile' is a 'mentally deficient person –.'"  As such, the record does not reflect how any reference to the *Camacho* case could be said to have specifically identified the grounds for any objection to the trial court's definition of imbecile.

evidence. Reyna also argues that any error in the admission of this evidence was harmless and, therefore, not reversible.

Objections challenging the admissibility of testimony provided by deposition are to be asserted in the same manner as if the deponent were testifying live. *See* TEX. R. CIV. P. 199.5(e); *Volunteer Council of Denton State Sch., Inc. v. Murdine Berry*, 795 S.W.2d 230, 235-36 (Tex. App.—Dallas 1990, writ denied) (failure to object to competency of deposition testimony when read into the record waives appellate review of alleged error); *Nat'l Bankers Life Ins. Co. v. Rosson*, 400 S.W.2d 366, 371 (Tex. Civ. App.—Dallas 1966, writ ref'd n.r.e.) (objection that goes to competency and relevancy of evidence must be raised at the time of offer). To preserve error in the admission of evidence, a party must make a timely objection. An objection is timely if it is made when the evidence is offered. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409-10 (Tex. 1998); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140,145 (Tex. App.—Amarillo 2001, pet. denied). Even when a timely objection is made, it is waived if substantially similar evidence is subsequently presented to the jury without objection. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). The objection must identify the objectionable evidence, identify the rule or legal principle that bars admission of the evidence, and explain how the evidence violates the rule or legal principle. *Burleson v. Finley*, 581 S.W.2d 304, 310 (Tex. App.—Austin 1979, writ ref'd n.r.e.). A party may request a running objection by describing the scope of objectionable evidence and asking the court to grant a running objection covering all subsequent evidence that fits that description. *Ramirez*, 159 S.W.3d at 907. A running objection must be specific and is waived if the party fails to object to similar

8

evidence that is not covered by the running objection. *Id.*; *Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984).

Lubbock County's third issue specifically addresses the admission of evidence regarding its expert witness's personal financial situation while going through a divorce, which resulted in $790,000 in tax liens against his personal residence. Lubbock County objected to this evidence in a writing filed before trial but this objection did not identify any basis for the objection.[4] Immediately before the recorded deposition was played for the jury, Lubbock County objected on the bases that the evidence was irrelevant to the expert's medical opinion and its probative value was substantially outweighed by its prejudicial effect. However, the record reflects that once the deposition was played for the jury, Lubbock County did not object at each instance when evidence of its expert's personal finances was presented and it did not request a running objection to this evidence either. Consequently, we conclude that Lubbock County waived its objection to the admission of this evidence.

Moreover, even if Lubbock County had properly preserved its claim of error to the admission of evidence relating to its expert's personal finances and assuming without deciding that we would have found the ruling to be erroneous, we conclude that any error would not have caused such harm as to justify reversal of the judgment. Lubbock County bore the burden to establish harm—that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *In re E.A.K.*, 192 S.W.3d 133, 148 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). "We review the entire record,

---

[4] Lubbock County's written objection merely identifies two portions of the recorded deposition and two exhibits as objectionable but does not identify any basis for why this evidence is objectionable.

9

and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). Whether erroneously admitted evidence is harmful is often more a matter of judgment than a precise measurement. *Id.* "In making that judgment, we have sometimes looked to the efforts made by counsel to emphasize the erroneous evidence and whether there was contrary evidence that the improperly admitted evidence was calculated to overcome." *Id.*

In the present case, Lubbock County's expert's testimony was questioned by Reyna's treating doctor as well as by a neuropsychologist called by Reyna. Lubbock County's expert admitted in his deposition that the normal course of his practice involves performing required medical examinations for insurance carriers.[5] He also admitted that he only sees approximately ten patients and that visits with these patients are infrequent and usually last around forty-five minutes. The jury also heard that Lubbock County's expert used two different curriculum vitaes but that the one he submitted in this case was the one that omitted references to the work he does for law firms that perform workers' compensation defense work. All of this evidence conveyed to the jury that Lubbock County's expert's financial interests were tied to his work performed for insurance carriers. Finally, Lubbock County cites Reyna's statement in closing argument that the jury knows who Lubbock County's expert needs "to keep happy to pay off those tax bills." However, this bit of Reyna's closing argument is less than a paragraph of the fourteen pages of Reyna's closing argument. Considering all the evidence, we cannot conclude

---

[5] Only insurance carriers may request required medical examinations in the workers' compensation context. *See* Tex. Labor Code Ann. § 408.004 (West 2015).

10

that any error in the admission of evidence of Lubbock County's expert witness's finances was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case.

For the foregoing reasons, we overrule Lubbock County's third issue.

Issues Four Through Six – Attorney's Fees

By its fourth through sixth issues, Lubbock County challenges various rulings by the trial court that resulted in its purported award of attorney's fees in favor of Reyna. While we conclude that the judgment is final for appellate purposes, the record does not contain a written order awarding attorney's fees, which renders Lubbock County's final three issues moot.

This Court has jurisdiction only over appeals from final judgments of trial courts as well as a few, statutorily listed interlocutory orders. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2020) (non-exhaustive list of interlocutory orders that may be appealed). We are to presume that a judgment is final when it is entered after a conventional trial on the merits. *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010); *Moritz v. Preiss*, 121 S.W.3d 715, 718-19 (Tex. 2003). This presumption, otherwise known as the *Aldridge* presumption, states:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to [the] Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

11

*N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966). Under this presumption, a judgment need not expressly dispose of all issues or claims to be final. *Vaughn*, 324 S.W.3d at 562.

In the present case, the trial court entered its judgment after holding a conventional trial on the merits without an order for a separate trial of any issues, entitled its judgment a "Final Judgment," and included a statement in the judgment that all relief requested that is not expressly granted is denied, all of which indicate finality. *Lehmann*, 39 S.W.3d at 201. The record reveals nothing to otherwise indicate that the trial court did not intend to finally dispose of the entire case. *Moritz*, 121 S.W.3d at 719. Consequently, we conclude that the judgment in the present case is final.

While we conclude that the judgment entered in this case is final, it does not make an award of attorney's fees as challenged by Lubbock County. As to the issue of attorney's fees, the judgment provides, "the Court ORDERS a lump-sum payment of attorney fees payable to Plaintiff's attorney to be paid out of Plaintiff's benefits in accordance with a separate order of the Court incorporated herein by reference." However, the record does not contain a separate order identifying how attorney's fees are to be paid or the amount of those attorney's fees.[6]

Lubbock County argues that the trial court erred in finding that Lubbock County did not have standing to challenge the trial court's award of attorney's fees to Reyna (Issue Four), excluding its rebuttal witness on the issue of attorney's fees (Issue Five), and

---

[6] After thoroughly reviewing the clerk's record and contacting the district clerk to obtain a copy of the separate order referenced by the judgment, we notified the parties that the record did not reflect an order on attorney's fees. Reyna responded indicating that the trial court appears not to have signed a separate order on attorney's fees.

awarding lump-sum attorney's fees based on Reyna's life expectancy, which constituted monetary damages in violation of Lubbock County's sovereign immunity (Issue Six). These issues presume that the trial court entered an award of attorney's fees in favor of Reyna. However, as indicated above, the record does not contain an order awarding attorney's fees. As such, Lubbock County's challenges are moot. We cannot reverse an order not entered by the trial court. Consequently, we overrule Lubbock County's fourth through sixth issues.

Any complaint regarding the trial court's failure to enter an award of attorney's fees should have been raised by way of a motion for new trial or motion for correction, modification, or reformation of the judgment filed at a time when the trial court retained plenary power over the case. *See Demler v. Demler*, 836 S.W.2d 696, 700 (Tex. App.—Dallas 1992, no writ) (claim of error in award of attorney's fees is waived on appeal if not raised in timely motion for new trial or other post-judgment motion).

## Conclusion

Having overruled each of Lubbock County's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice
